[Sac. No. 4653. In Bank.—January 23, 1932.]

ALLO WILLIS, a Minor, etc., Petitioner, v. SUPERIOR COURT OF MENDOCINO COUNTY et al., Respondents.

Wayne P. Burke for Petitioner.

J. Hampton Hoge and A. Dal Thomson for Respondents.

THE COURT.—This is a petition for a writ of review to determine the validity of an order of the Superior Court of Mendocino County granting a motion for new trial. On May 27, 1931, petitioner as plaintiff went to trial on an action against respondent Carrie A. Van Voast as defendant, and recovered judgment, which was entered, and notice of entry served on said date. Defendant moved for a new trial, which motion was heard by Honorable R. M. Rankin, sitting by assignment of the chairman of the Judicial Council, in said county. Thereafter Judge Rankin returned to his own county, and on July 24th, in his chambers,

signed an order granting a new trial, which he placed in the mails. The order was received and entered in the records of the case on Monday, July 27th. The period prescribed by section 660 of the Code of Civil Procedure within which the court must pass on such a motion, expired on Saturday, July 25th, the fifty-ninth day after notice of entry of the judgment, for the reason that July 26th, the sixtieth day, was a Sunday. (See *Payne* v. *Hunt*, (L. A. No. 13227) *post*, p. 605 [7 Pac. (2d) 302], this day decided.) Hence the order is valid only if effective when made, for if its effectiveness dates from the time of its entry by the clerk, it was too late.

We are satisfied, however, that the order is valid. Prior to 1929, the statutes of this state were silent on the power of a superior judge to order a new trial in chambers or out of the county. In *United Railroads* v. *Superior Court*, 197 Cal. 687 [242 Pac. 701], we pointed out the distinction between the court and a judge thereof, in so far as the effect of their acts was concerned under existing law, and held that the judge could sign an order of that kind outside the courtroom, but that it did not become effective until filed. In the case of *Finkle* v. *Superior Court*, 71 Cal. App. 97 [234 Pac. 432, 433], the court made this observation: "If the power to pass upon a motion for new trial were one which could have been exercised by Judge Smith at chambers, it doubtless would have been operative when signed, and its filing in the clerk's office within the prescribed time would not have been essential to its validity." We think that these two decisions indicate that the rule formerly established was based upon the lack of statutory authority to make such an order when the judge was not sitting as a court.

In 1929, sections 166 and 167 of the Code of Civil Procedure were amended to provide for just such authority. Section 166 now reads in part as follows: "The judge or judges of the superior court, or any of them, may, at chambers . . . Hear and determine all motions made pursuant to sections 657 or 663 of this code. . . . " Section 167 provides: "A judge of the superior court may, anywhere within the state, exercise all of the powers, and perform all of the functions and duties which a judge of such court may exer-

cise or perform in chambers.'' Section 657 governs motions for new trial.

These changes were doubtless made to take care of the problem created by the frequent assignment by the chairman of the Judicial Council of judges to sit in other counties to relieve congestion. It seems clear that the amendments were intended expressly to grant a power not previously enjoyed by superior judges. To say that such an order is still ineffective until entered in the records is to say that the legislature has done a futile thing, and that in spite of this sweeping enactment has left the law unchanged. We cannot reach this conclusion without ignoring the language of the new sections as well as the theory of the prior decisions. Besides, it is well settled that an order of a court, where made in the manner required by law, does not depend for its effectiveness upon the ministerial act of entry in the records by the clerk. (*Barbee* v. *Young*, 79 Cal. App. 119 [249 Pac. 15]; *Estate of McNamara*, 181 Cal. 82 [7 A. L. R. 313, 183 Pac. 552]; *Fresno Estate Co.* v. *Fiske*, 172 Cal. 583 [157 Pac. 1127].)

The order was consequently validly made within the prescribed period, and it is hereby affirmed.