[Civ. No. 6063.   Third Appellate District.—February 24, 1939.]

ARNOLD M. HACKEL et al., Appellants, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Respondent.

Joseph L. Fainer and H. C. Ellis for Appellants.

Gibson, Dunn & Crutcher, George D. Jagels and E. H. Chapman for Respondent.

TUTTLE, J.—This appeal is taken from an order and judgment of the Superior Court of Los Angeles County made and entered on September 29, 1936, wherein the general demurrer of the defendant to plaintiffs' complaint as amended, was sustained, without further leave to amend. Plaintiffs had filed a suit in equity seeking relief on the following state

of facts, which are more fully set forth in the complaint to which the demurrer was filed.

On July 5, 1935, the plaintiffs, Arnold M. Hackel and Goldie Hackel, instituted an action for damages in the Superior Court of Los Angeles County, on account of personal injuries sustained by them in a collision between their automobile and a trolley car operated by the defendant corporation. The action came on regularly for trial on October 9, 1935, in department 2 of the superior court, before Judge Harry A. Archbald, and a jury. At the conclusion of the trial on October 10, 1935, the jury rendered a verdict in favor of the plaintiffs and against the defendant in the sum of $12,500, which judgment was duly entered and docketed.

Thereafter, on October 18, 1935, the defendant corporation filed a motion for a new trial, which came on for hearing on November 10, 1935, before Judge Archbald, in open court, and at the conclusion of argument by both sides the matter was taken under advisement and submitted for decision. On November 26, 1935, one of counsel for the plaintiffs was served with a written notice prepared by counsel for the defendant corporation, stating that defendant's motion for a new trial had been granted by the court on the ground of insufficiency of the evidence. Several days later, a postcard signed by H. L. Mohrenstecker, deputy clerk of the court, was received by plaintiffs' counsel containing the same statement.

Thereafter the case was again set for trial in department 17 of the superior court, and came on regularly for trial on January 16, 1936, before Judge Carl A. Stutsman and a jury. At the conclusion of the trial on January 17th, the jury returned a verdict in favor of the defendant and against the plaintiffs. Plaintiffs subsequently filed a motion for a new trial on the usual statutory grounds, which motion was by the court denied.

On July 20, 1936, one of counsel for the plaintiffs had a conversation with H. L. Mohrenstecker, deputy clerk of department 2, and then and for the first time learned that no written order granting defendant's motion for a new trial had been made or signed by Judge Archbald within the statutory period, and that the only record of any attempted disposition of the motion by him was an unsigned entry made by the clerk herself in her minute book on November 26, 1935, which entry was made by her following an oral instruction

given her by Judge Archbald in chambers and not in the presence of the parties involved or their counsel.

Upon discovering these facts counsel for the plaintiffs prepared a complaint seeking relief in equity, which was filed on August 14, 1936. By this action plaintiffs sought to have the court, sitting in equity, order, adjudge and decree,—

(1) That the alleged order granting defendant's motion for a new trial, claimed by defendant to have been made and entered by Judge Harry A. Archbald on November 26, 1935, be declared null and void, and of no effect, and that the entry of the alleged order by the clerk of said court, be declared null, void and of no effect;

(2) That the judgment in favor of the defendant and against the plaintiffs, made and entered in department 17 of the superior court on January 17, 1936, be vacated and set aside, and the same declared null, void and of no effect; and

(3) That the judgment in the sum of $12,500, previously made and entered in department 2 of the superior court on October 10, 1935, in favor of the plaintiffs and against the defendant, be declared a valid and existing judgment in full force and effect, and that a writ of execution be issued thereon.

The defendant corporation filed a demurrer to this complaint, which was by the court sustained, but with leave to amend. Plaintiffs thereupon filed an amended complaint, to which defendant again demurred and which the court sustained without leave to amend, judgment being entered thereon on September 29, 1936.

The principal and practically only important question involved in this appeal, and in connection with which the lower court ruled against the plaintiffs by sustaining defendant's demurrer to their complaint on file, is whether a bare oral instruction given by the trial judge to his clerk in chambers, and not in the presence of the parties or their counsel, constitutes a valid order granting a new trial, after the motion thereon has been argued in open court and submitted for decision.

Appellants contend that a decision on a motion for a new trial can be rendered in only one of two ways: (1) By audible pronouncement in open court; or, (2) By the filing with the clerk in the action of a written order, signed by the judge. The case of *United Railroads* v. *Superior Court*, 197 Cal. 687 [242 Pac. 701], appears to be authority for the rule above

stated. However, since the date of the rendition of the decision last cited, sections 166 and 167 of the Code of Civil Procedure have been amended. Section 166 now reads, in part, as follows: ''The judge or judges of the Superior Court, or any of them, may, at chambers, . . . hear and determine all motions made pursuant to Sections 657 and 663 of this Code.'' Section 657 relates to the grounds on motion for a new trial.

It is contended by appellants that the only effect of the amendment to the section quoted above is to permit the trial judge to hear and determine such a motion in chambers, and that a ruling upon such motion, if not made at the conclusion of the hearing, must necessarily be made in writing and signed by the judge. We are of the opinion that the contention thus made by appellants has been squarely disposed of against him in the case of *Willis* v. *Superior Court*, 214 Cal. 603 [7 Pac. (2d) 303]. In that case the judge of the Superior Court of Glenn County was presiding in the Superior Court of Mendocino County, and there heard a motion for a new trial. Without deciding the matter, the judge returned to Glenn County, and thereafter, and on July 24, 1931, signed an order granting a motion for a new trial, and placed said order in the mail, directed to the county clerk of Mendocino County. The order was received and entered in the records of the latter county on July 27, 1931. The period prescribed by section 660 of the Code of Civil Procedure within which the court must pass on such a motion, expired on Saturday, July 25th, the fifty-ninth day after notice of the entry of the judgment, for the reason that July 26th, the sixtieth day, was a Sunday. It was there contended that the order was invalid, for the reason that it was ineffectual for any purpose unless it was filed with the clerk of the court, and that although it was signed in the judge's chambers within the sixty-day period, it was nevertheless ineffective for any purpose, for the reason that the judge had no authority under the law to make such order in chambers. It is interesting to note that the Willis case, which was a petition for a writ of review, was originally filed in this court. Thereafter, this court rendered its opinion,—(Cal. App.) 4 Pac. (2d) 975). We there held that the order granting the motion for a new trial was null and void, and that the amendments to the Code of Civil Procedure above mentioned did not in any way affect the holding in the case of *United Railroads of San Fran-*

*cisco* v. *Superior Court,* cited above. A reading of our decision shows a great similarity between the points discussed there and the points discussed in appellant's opening brief in this case. Upon a hearing granted in the Willis case, the Supreme Court upheld the validity of the order granting the motion for a new trial on the ground that the said amendments to the Code of Civil Procedure changed the rule formerly established in the United Railroads case. Referring to the order there made in chambers, the court said: "It seems clear that the amendments were intended expressly to grant a power not previously enjoyed by our Superior judges." Appellants concede that under such amended sections the trial judge had a right to *hear and determine* the motion in chambers. Appellants go further and concede that if the judge, in disposing of the motion in chambers, made any order on such motion immediately at the conclusion of the hearing, and in the presence of counsel, it would be valid. It is difficult to follow this distinction which is attempted to be made. The statute states that the judge has a right to determine "the motion in chambers". To say that this determination must be made only under such conditions and circumstances, is placing something in the statute which we believe was never intended to be there. We are of the opinion that a reasonable construction of the statute would be to the effect that the determination of the motion may be made in chambers at any time. Such appears to be the holding in the Willis case. Under the statute the court could hear and determine the motion in chambers with the same force and effect as though such hearing were held in open court, and if an oral pronouncement in open court on the determination of the motion could be made there (as appellants concede), there is no reason why such oral pronouncement could not be made in chambers, at any time subsequent to the hearing.

It appears from the foregoing that the complaint failed to state a cause of action, and the ruling of the trial court sustaining the demurrer to the amended complaint without leave to amend was therefore proper.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.