[Crim. No. 529.   Fourth Appellate District.—April 24, 1940.]

THE PEOPLE, Respondent, v. GEORGE HENRY RAT-
TERMAN, Appellant.

J. O. Reavis, T. H. Werdel and John Preston King for Appellant.

Earl Warren, Attorney-General, and L. G. Campbell, Deputy Attorney-General, for Respondent.

MARKS, J.—This is an appeal from a judgment pronounced on defendant after he had been found guilty of grand theft, and from the order denying his motion for new trial. He was charged with robbery, and kidnaping for the purpose of robbery.

Defendant complains of the admission in evidence, over his objections, of several photographs, on the ground that no proper foundation had been laid for their admission. These photographs portrayed the scene of the crime and a garage which had been rented by defendant, where articles of his clothing were found which were similar to those worn by the guilty party.

The complaining witness testified in effect that each photograph correctly represented the objects in it and also the scene of the crime. Defendant did not ask to examine the witness on *voir dire*. He did not cross-examine the witness on this subject, nor did he during the trial produce any evidence to indicate that the photographs did not correctly portray that which they purported to represent. Under these circumstances error cannot be predicated on the admission of this evidence. (*Diller* v. *Northern California Power Co.*, 162 Cal. 531 [123 Pac. 359, Ann. Cas. 1913D, 908]; *People* v. *Crandall*, 125 Cal. 129 [57 Pac. 785]; *People* v. *Mahatch*, 148 Cal. 200 [82 Pac. 779]; *People* v. *Sambrano*, 33 Cal. App. (2d) 200 [91 Pac. (2d) 221].)

Defendant further complains of the refusal of the trial court to give two instructions which he had requested. We have found no other instructions on the same subject.

■ Defendant produced a number of witnesses who testified that the general reputation of the complaining witness for truth, honesty and integrity in the community in which he lived was bad. One of the refused instructions informed the jury that a witness may be so impeached. (Sec. 2051, Code Civ. Proc.) It was error to refuse this instruction or to fail to give one of similar import. (*People* v. *Corey*, 8 Cal. App. 720 [97 Pac. 907].)

■ Defendant also proposed an instruction to the effect that if the evidence pointed equally strongly to the guilt and to the innocence of the defendant it was the duty of the jury to adopt that view of the evidence pointing to his innocence and to acquit him. Generally speaking, and under proper circumstances, a defendant is entitled to have the jury so instructed. (*People* v. *Dolan*, 94 Cal. 315 [31 Pac. 107]; *People* v. *Corey, supra.*)

■ Lastly, defendant urges that it was error for the district attorney to fail to charge in each count of the information that defendant was armed with a deadly weapon at the time of the alleged commission of the crimes, and that it was error to fail to require the jury to find by special verdicts whether or not he was so armed. (Sec. 969c, Pen. Code; sec. 1158a, Pen. Code.)

The first cited section makes it the duty of the prosecutor to charge that a defendant was so armed, if such were the fact. The second cited section requires a special verdict on that question where the indictment or information contains such an allegation.

Subsection "a" of paragraph "2" of section 1168 of the Penal Code discloses the reason for such procedure. It is there provided that the minimum penalty shall be "For a person not previously convicted of a felony, but armed with a deadly weapon either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, five years."

It is, therefore, clear that had the district attorney charged that defendant was armed with a deadly weapon at the time of the commission of the crime, and had the jury found that he was so armed, his minimum term of imprisonment would

have been five years instead of one year, as is now the case. (Sec. 489, Pen. Code.) We fail to see how the defendant suffered any prejudice by the procedure followed in this case.

■ Defendant admits that the evidence is sufficient to support the verdict and judgment. Perhaps this might be construed as an admission that there has been no miscarriage of justice so that we could not reverse the judgment. However, as we have found errors of law in the record which occurred during the trial, we have reviewed all of the evidence. We are left with the opinion that defendant was proven guilty of robbery beyond any reasonable doubt, and that the jury was very lenient in finding him guilty of the lesser crime of grand theft. Under such circumstances we cannot reverse the judgment. (Sec. 4½, art. VI, Const.)

The judgment and order are affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 8, 1940.