[Sac. No. 5550. In Bank. Jan. 21, 1943.]

JOHN ANDREWS, Appellant, v. THE POLICE COURT OF THE CITY OF STOCKTON, Respondent.

Alfred J. Hennessy for Appellant.

Joseph C. Tope, City Attorney, and H. C. Stanley, Assistant City Attorney, for Respondent.

GIBSON, C. J.—This is an appeal from a judgment of the superior court denying a peremptory writ of mandate.

On June 20, 1935, appellant entered a plea of guilty in the respondent police court to a charge of contributing to the delinquency of a minor. Judgment was entered against him on such plea. In July, 1940, some five years later, appellant moved the respondent police court to ''set aside and expunge'' the complaint and judgment on the ground that under the Juvenile Court Act jurisdiction of the offense was in the superior court and that therefore the judgment entered in the respondent police court was void on its face. Six months after denial of the motion to vacate, appellant commenced this proceeding in mandamus in the superior court to compel the respondent police court to set aside its judgment. An alternative writ was issued but after hearing and consideration it was discharged and a peremptory writ was denied.

Appellant thereupon noticed this appeal from the judgment of the superior court denying a writ.

■ We find it unnecessary to determine whether, as urged by appellant, the judgment of the respondent police court is void on its face for lack of jurisdiction of the offense. Assuming such to be the case and that appellant's motion to vacate was therefore timely, though made five years after entry, we cannot say that the superior court erred in this proceeding in denying a peremptory writ of mandate to compel the vacating of such judgment.

Mandamus may not be resorted to as a substitute for an adequate legal remedy by appeal or otherwise. (§ 1086, Code Civ. Proc.; *Irvine* v. *Gibson,* 19 Cal.2d 14, 16 [118 P.2d 812]; *McPherson* v. *City of Los Angeles,* 8 Cal.2d 748, 752 [68 P. 2d 707]; 16 Cal.Jur. 787, § 19.) In *Petaluma etc. District* v. *Superior Court,* 194 Cal. 183, 184 [228 P. 24], it is said that "The writ of mandate will not issue solely to serve the purpose of a writ of review in order to pass upon claimed errors which are properly reviewable by means of an appeal." If, as here assumed, the judgment is void on its face, appellant could have appealed from the order of the respondent police court denying his motion to vacate the judgment. (§ 1466, subd. 2b, Pen. Code; *People* v. *Zolotoff,* 48 Cal.App. 2d 360, 364 [119 P.2d 745]; *People* v. *Carkeek,* 35 Cal.App. 2d 499, 505 [96 P.2d 132].) No reason is advanced for his failure to take such appeal. If taken, it could have accomplished everything sought in this mandamus proceeding. The fact that a legal remedy "equally convenient, beneficial and effective" has been lost by reason of neglect does not require the granting of a writ of mandate, in the absence of a sufficient showing of excuse for the failure to timely pursue such legal remedy. (*County of Tulare* v. *Woody,* 132 Cal.App. 459 [22 P.2d 743]; *Howland* v. *Superior Court,* 127 Cal.App. 695 [16 P.2d 318]; *Jones & Co.* v. *Wheeler,* 121 Tex. 128 [45 S.W.2d 957]; *Jenkins* v. *State,* 24 Ala.App. 185 [132 So. 437]; *Casey* v. *Wait,* 229 Mass. 200 [118 N.E. 297]; *Crittenden* v. *Reilly,* 97 Mich. 637 [57 N.W. 192]; *Ex parte Riddle,* 255 U.S. 450 [41 S.Ct. 370, 65 L.Ed. 725]; *Minnesota* v. *Molyneaux,* 70 F.2d 545.) In the Tulare case, *supra,* which, as here, involved an appeal from a superior court judgment denying a writ of mandate, it is stated: "It may be conceded that the remedy afforded by the aforesaid section is not now

equally beneficial and effective since the statute provides a definite period of limitation of six months after rejection of the claim. Nevertheless, petitioner did have a legal remedy which was 'equally convenient, beneficial and effective' and if by reason of its neglect that remedy is no longer available the remedy here sought should not be granted. (18 R.C.L., p. 132; 38 C.J., p. 562.)'' See, also, *Howland* v. *Superior Court, supra.* This being so, we find no error in the action of the superior court in denying a writ of mandate under the circumstances here presented.

The judgment is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J. pro tem., concurred.

Appellant's petition for a rehearing was denied February 18, 1943.