[Civ. No. 12774. First Dist., Div. Two. Feb. 20, 1945.]

FRED H. ERTMAN, Appellant, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Abraham Setzer and George Olshausen for Appellant.

Morris Oppenheim and Henry W. Robinson for Respondent.

NOURSE, P. J.—The petitioner sought a writ of mandate to compel the respondent to issue a writ of execution upon a judgment which was set aside by an order granting a new trial. The petition attacked the validity of the order granting a new trial. The respondent defended the order and raised the separate defense that petitioner had an adequate remedy by appeal. A minute order denying the petition was entered and from this order the petitioner has appealed.

Petitioner as plaintiff had a verdict upon a trial to a jury in the municipal court. The defendants' motion for a new trial was granted on the ground of insufficiency of the evidence by an order signed by Judge Kaufman on October 6, 1943, with directions to his clerk to file it on October 14, unless the judge directed him otherwise. Judge Kaufman then left the State of California and was in Mexico on the day of October 14. The order was filed on that day. It was a conditional order granting the motion for a new trial unless the plaintiff within ten days thereafter consented to a reduction of the verdict. The sixtieth day, or the last day upon which the motion for a new trial could have been granted under section 660 of the Code of Civil Procedure, was October 19th. Hence the effect of the conditional order was to attempt to give the plaintiff five additional days within which to consent to a reduction of the verdict. The petitioner took an appeal to the superior court from the order granting a new trial and moved to vacate it in the municipal court upon grounds which were thereafter pleaded in his petition for a writ of mandate. The motion was denied and the record is silent as to further proceedings on the motion and on the appeal from the order granting a new trial.

On his appeal here from the order denying his petition for a writ of mandate the appellant advances three grounds for a reversal which we will consider in the order presented.

First, can a judge of the municipal court perform the judicial act of granting a motion for a new trial while outside the territorial limits of the state. The question was directly answered in *People* v. *Ruef,* 14 Cal.App. 576, 626 [114 P. 48, 54], where the court held that any attempted exercise of jurisdiction by a judicial officer without the territorial limits of

his jurisdiction is a nullity. In accord are 14 California Jurisprudence, page 803; 30 American Jurisprudence, page 745; 21 Corpus Juris Secundum, page 141. The respondent concedes that a judicial act performed beyond the territorial limits of the court is invalid but argues that here the judicial act was fully performed when Judge Kaufman passed on and "determined" the motion for a new trial while he was in the limits of his jurisdiction on October 6th. Attention is directed to the peculiar wording of section 660 of the Code of Civil Procedure giving the court sixty days to "pass on" a motion for a new trial, and providing that if the motion is not "determined" within sixty days it becomes automatically denied. *Spier* v. *Lang,* 4 Cal.2d 711 [53 P.2d 138]; *Holland* v. *Superior Court,* 121 Cal.App. 523 [9 P.2d 531]; and *Willis* v. *Superior Court,* 214 Cal. 603 [7 P.2d 303], are all in accord with this contention, and the Willis case is authority for the proposition that, under the wording of this code section, the order granting a new trial becomes effective when signed and the date of its filing in the clerk's office is not essential to its validity. Upon these authorities it would seem to follow that the order made by Judge Kaufman on October 6, which was admittedly signed by him on that day and then delivered to the clerk, was a valid and effective order insofar as the question of the jurisdiction of the judge to make it is concerned. If it lost its validity because of the absence of the judge from the state on the day it was filed with the clerk, a question upon which there is no authority, the judgment herein must be affirmed nevertheless for the reasons hereinafter stated.

Second, appellant contends that the order granting a new trial must be held void because it contained a condition permitting him to consent to a reduction of the verdict on a day subsequent to the sixty day period. It would seem more logical that if the court attempted to impose a condition upon the order which it had no power to impose the condition alone should fall rather than the order as a whole. It is manifest from the language of the order that the court intended to grant a new trial unless a portion of the verdict was remitted. It had the power to grant the plaintiff five days to make an election, but could not continue that time over the sixty day period. But the plaintiff did not make an election to remit at any time and was therefore not prejudiced by the invalid part of the order. If the superior court held adversely to the petitioner on that ground it is not necessary for us to decide

whether that holding was error because the order which is the subject of this appeal must be affirmed for the reasons hereinafter stated.

 Third, the question argued in the briefs as to the propriety of proceedings for a writ of mandate is not the true question presented by the record. The appellant, relying upon the majority opinion in *Kahn* v. *Smith,* 23 Cal.2d 12 [142 P.2d 13], argues that proceedings in mandate are always proper notwithstanding the existence of the remedy by appeal. The respondent, relying upon the minority opinion in the same case and the unanimous opinion of the court in *Andrews* v. *Police Court,* 21 Cal.2d 479 [133 P.2d 398, 145 A.L.R. 1042], argues that the remedy by appeal is adequate and that mandamus should not lie in any case where an appeal would present the same questions of law. But the true question is what is the function of the reviewing court when the court in the exercise of its original jurisdiction has found another remedy to be adequate. It must be borne in mind that the Andrews case came to the Supreme Court on an appeal from a judgment of the superior court denying a petition for a writ of mandate whereas the Kahn case came to that court upon an original application for a writ. The difference in procedure is significant because mandamus is not a writ of right, but one of discretion. Thus the Andrews case tendered to the Supreme Court the single issue whether the trial court committed prejudicial error in denying the petition, whereas the Kahn case tendered the issue whether the Supreme Court, in the exercise of its original jurisdiction had the *power* to entertain the proceedings in view of the remedy by appeal. The ultimate decision in the Andrews case was that the superior court did not commit error in denying the writ on the ground that the petitioner had his remedy by appeal. The majority of the court in the Kahn case held that the remedy by appeal did not bar the petition for mandate. The effect of both lines of cases is that mandate is a cumulative remedy which may issue where no other adequate remedy lies, and the court to which the petition is addressed in the first instance has the power to determine whether under all the circumstances the remedy by appeal is an adequate remedy in the particular case. Thus all the cases cited in the majority opinion in *Kahn* v. *Smith* to the proposition that "while mandamus does not lie if there is another adequate remedy, an appeal is not regarded as adequate in this type of case" were original proceedings in either

148

the Supreme Court or the District Court of Appeal. No one is authority for the proposition argued by appellant that in no case will an appeal be deemed an adequate remedy. The contrary was held in *Irvine* v. *Gibson*, 19 Cal.2d 14 [118 P.2d 812]; *Lincoln* v. *Superior Court*, 22 Cal.2d 304, 311 [139 P.2d 13]; and *Petaluma etc. Dist.* v. *Superior Court*, 194 Cal. 183 [228 P. 24], all of which were original proceedings in the Supreme Court.

But the case which controls the question presented here is *Andrews* v. *Police Court*, 21 Cal.2d 479 [133 P.2d 398, 145 A.L.R. 1042]. Unlike the others cited this was an appeal from a judgment of the superior court denying a petition for a writ of mandate. In that case the court said (p. 480): "Mandamus may not be resorted to as a substitute for an adequate legal remedy by appeal or otherwise. [Citing cases.] . . . If, as here assumed, the judgment is void on its face, appellant could have appealed from the order of the respondent police court denying his motion to vacate the judgment." That is the situation here. The appellant appealed to the superior court from the order granting the motion for a new trial. He moved to vacate the order and was given a full hearing upon which the questions raised in this proceeding were heard and determined. He had the right to appeal from the denial of that motion. It is alleged in the answer to the petition that he did not appeal but the record does not otherwise disclose whether he did or not, or what became of his appeal from the order granting the motion for a new trial. If he has lost either right by neglect or delay that fact does not "require" the granting of the writ of mandate. (*Andrews* v. *Police Court*, supra.) Now the question whether this right of appeal from either of the orders mentioned was an "adequate" remedy was one committed in the first instance to the court where the petition for a writ of mandate was filed. The question was directly put in issue by the answer to the petition and we must assume that the trial court determined it adversely to petitioner. (The appeal here is taken on the minute order denying the writ. The record does not contain any findings or any formal judgment.) The doctrine that the extraordinary remedy by mandate is not a writ of right, but is one of discretion, is universally followed. (34 Am.Jur. 834; 16 Cal. Jur. 768; *Ault* v. *Council of City of San Rafael*, 17 Cal.2d 415, 417 [110 P.2d 379]; *Stracke* v. *Farquar*, 20 Cal.2d 82 [124 P.2d 9]; *Sipper* v. *Urban*, 22 Cal.2d 138, 141 [137 P.2d 425].)

■ Upon the authority of the cases cited the correct rule seems to be that when the court to which the petition for a writ of mandate is addressed in the first instance determines that the petitioner has another "plain, speedy, and adequate remedy, in the ordinary court of law" (Code Civ. Proc., § 1086) its decision that the writ should not issue is based upon a finding of fact supported by all the circumstances of the particular case. When such a decision comes out of the superior court it is like any other judgment subject to appeal to a reviewing court, but, like all other judgments, it carries the presumption of regularity though open to attack for error. If no error of law appears in the record and the attack is limited to a claimed abuse of discretion in denying the writ applied for something more than the bare assertion of abuse of discretion must be made. Here we must assume, since there is no showing to the contrary, that the trial court denied the writ because it found the petitioner had a speedy and adequate remedy by appeal. In view of the current practice by which appeals from the municipal courts are given a speedy hearing and determination it must be apparent that if the respondent court found that appellant had another adequate remedy it committed no error in this respect, at least, no error is shown on this record.

The judgment is affirmed.

Goodell, J., and Dooling, J. pro tem., concurred.

A petition for a rehearing was denied March 22, 1945, and the following opinion was thereupon rendered:

THE COURT.—■ In his petition for a rehearing appellant criticizes the statement in the opinion that the order signed by the judge on October 6th was "filed" on October 14th by the clerk of the court. Appellant states that such order "was never filed anywhere." We took the recital from the verified petition of appellant for a writ of mandate where he alleged that the order granting a new trial "was dated, *filed* and entered on the 14th day of October, 1943, by a deputy clerk." This allegation was not denied in the return and we may assume that it may be taken as admitted. Appellant refers to some conflicting testimony taken in another proceeding, but that is not important here. We are concerned only with these conceded facts—that, whatever the paper may be

called, a submission slip, an order, or a memorandum, it was signed by the judge within time and was either entered or filed on October 14th when the judge was out of the state. In any event the matter is apparently concluded by *Cox* v. *Tyrone Power Enterprises,* 49 Cal.App.2d 383, 395-397 [121 P.2d 829]. Under the authority of *Willis* v. *Superior Court of Mendocino County,* 214 Cal. 603 [7 P.2d 303], it is ordinarily true that an order granting a new trial is effective when signed by the trial judge without regard to the date of its filing or entry. This rule was followed and broadened in *Hackel* v. *Los Angeles Ry. Corp.,* 31 Cal.App.2d 228 [88 P.2d 178]. However, in this case the judge's instruction to his clerk to file the order on October 14th unless the judge directed him otherwise raises a question as to whether the order was, or was intended to be, effective before its filing. If not effective before filing it was argued that it never became an effective order because of the judge's absence from the state on that day. (*People* v. *Ruef,* 14 Cal.App. 576, 626 [114 P. 48, 54].) This question we found it unnecessary to decide because of our holding that we were bound on this appeal by the trial court's determination that the remedy by appeal from the municipal court was "a plain, speedy, and adequate remedy." (Code Civ. Proc., § 1086.) It may be suggested that, if it became necessary to decide that question, it might be held that the order became absolute at the moment that Judge Kaufman was leaving the state with the intention of not returning before October 14th, because at that moment he put it out of his power to do the judicial act of directing his clerk not to file the order, *People* v. *Ruef, supra;* and the direction to file it on October 14th thereby became unconditional.

Appellant criticizes the statement that he took an appeal to the superior court from the order granting a new trial. He says that though such fact was alleged in the return no proof was offered and he cites section 462 of the Code of Civil Procedure to the effect that affirmative allegations in the answer are deemed controverted. That is not the rule in mandamus proceedings. The return is accepted as true unless controverted by the petitioner. (See Code Civ. Proc., § 1091; 16 Cal.Jur. 868; *McClatchy* v. *Matthews,* 135 Cal. 274 [67 P. 134].)

For this reason we reaffirm that it is proper to assume that the writ of mandate was denied because the trial court found

that the petitioner had another adequate remedy. ██ References to remarks made by the judge during the course of the trial are not controlling. This rule is so well settled that citation of authority is unnecessary.

The petition for a rehearing is denied.

Appellant's petition for a hearing by the Supreme Court was denied April 19, 1945. Carter, J., and Traynor, J., voted for a hearing.