[Civ. No. 7304.   Third Dist.   Jan. 25, 1947.]

T. C. NELSON, Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA et al., Respondents.

George L. Popert for Petitioner. ·

J. Quincy Brown, District Attorney and John B. Heinrich, Deputy District Attorney, for Respondents.

PEEK, J.—By mandamus petitioner seeks an order of this court commanding respondent superior court to grant his motion previously made in said court to set aside an information charging him with the crime of robbery. The sole ground for said motion both in the respondent court and here is that at the preliminary hearing of petitioner on said charge he "was not properly advised of his constitutional rights."

The petition alleges that at the preliminary examination the committing magistrate purported to inform petitioner of his constitutional rights including the right to aid of counsel but that said magistrate did so in a manner which was not in strict conformance with the requirement of article I, section 8 of the Constitution of this state.

It is petitioner's contention that inasmuch as all of the provisions of the Constitution are mandatory unless specifically declared to be otherwise, and inasmuch as said article I, section 8 states categorically what information on these fundamental matters must be given to an accused person, the precise constitutional language must be used, and therefore the alleged failure of the magistrate to advise petitioner in such language placed upon respondent court an absolute non-discretionary duty in acting upon petitioner's

motion to set aside the information. Petitioner further alleges that he has no plain, speedy or adequate remedy at law.

Respondents' reply denies the material allegations of the petition and in their points and authorities filed in support of their demurrer and answer, they argue (1) that mandamus cannot be invoked to correct alleged errors of a court in passing upon questions regularly submitted to it in the ordinary course of judicial proceedings; (2) that mandamus will not lie where there is an adequate remedy at law, and (3) that in any event petitioner was fully advised of his constitutional rights by the committing magistrate.

From the record before us it appears that the respondent court did not refuse to act upon petitioner's motion to set aside the information. To the contrary a hearing was had thereon, evidence was taken, and a formal order was entered. In other words this is not a case where a court has refused to act at all in the premises, but rather it is a case where a court has acted judicially and its order, whether or not ill advised, still was one which it was empowered to make.

Thus it is stated in 16 California Jurisprudence, page 822, section 35 that where, instead of refusing to act "the court has acted judicially, its action may not be controlled by the writ, for to allow the writ so to be used would be equivalent to making it a writ of error." Or, as stated in *Lincoln* v. *Superior Court*, 22 Cal.2d 304, at page 313 [139 P.2d 13], citing *Hilmer* v. *Superior Court*, 220 Cal. 71, 73 [29 P.2d 175], the court "may be compelled to act *jurisdictionally* but cannot by that·means be compelled to act *correctly.*" It therefore follows that if the court has so acted, however erroneous such action may be, its order made pursuant thereto cannot be corrected by means of writ of mandamus. To hold in accordance with petitioner's contention and allow the writ in such a case would be the equivalent of making mandamus a writ of error. (16 Cal.Jur. 822; *Andrews* v. *Police Court,* 21 Cal.2d 479 [133 P.2d 398; 145 A.L.R. 1042].)

If the action of the court below in refusing to grant petitioner's motion should prove to be erroneous, such error may be corrected on appeal. While it is true that the Penal Code makes no provision for an appeal from an order denying a motion to set aside an information (Pen. Code, § 1259), nevertheless such an order is reviewable on an appeal from a judgment of conviction. (8 Cal.Jur., at p. 561; *People* v. *Sim-*

*mons,* 119 Cal. 1 [50 P. 844] ; *People* v. *Williams,* 8 Cal.App. 595 [97 P. 684].) ▆▆ Such a review will be presumed to be a plain, speedy and adequate remedy, in the absence of a showing to the contrary. The mere fact that appeal may not be so expeditious as mandamus does not of itself make the remedy by appeal inadequate. (*Andrews* v. *Superior Court, supra; McDonough* v. *Garrison,* 68 Cal.App.2d 318, 328 [156 P.2d 983].)

The principal case cited by petitioner, *Harris* v. *Municipal Court,* 209 Cal. 55, 62, 63 [285 P. 699], presented one of those situations where the general rule, fully recognized by the Supreme Court, could not be applied. There the petitioner in mandamus had no other remedy at all. The prosecution had delayed and was continuing to delay for an unreasonable time the trial of the case, for what was alleged to be an illegal purpose. The refusal of the trial court to dismiss the complaint or make any other appropriate order operated to postpone indefinitely the opportunity which petitioner otherwise would have had to have the matter remedied by appeal. No comparable circumstance is shown to exist in the present case. The writ is denied.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied February 13, 1947.