[Civ. No. 5252. Fourth Dist. Feb. 6, 1956.]

HERBERT F. HASS et al., Appellants, v. THE CITY COUNCIL OF THE CITY OF PALM SPRINGS et al., Respondents.

Leonard A. Bock for Appellants.

Jerome J. Bunker, City Attorney, for Respondents.

BARNARD, P. J.—Early in 1952 an intiative petition was presented to the city council of Palm Springs calling for a special election for the purpose of adopting a proposed ordinance changing the boundary lines of the Councilmanic districts. The council refused to call an election for that purpose, and an application was made for a writ of mandate compelling the council to submit the proposed ordinance to a vote of the electors. Judgment was rendered for the defendants. On appeal, that judgment was reversed, the Supreme Court holding that the city council was under a duty ''to either pass the proposed ordinance immediately or to call a special election for that purpose.'' (*Blotter* v. *Farrell,* 42 Cal.2d 804 [270 P.2d 481].)

After the remittitur came down a stipulation was filed suspending further proceedings for a time, because certain annexation proceedings were then pending which might affect the boundaries as described in the redistricting ordinance. Thereafter an ordinance was prepared which, except for changes in the described boundaries, was to the same effect as the ''proposed ordinance'' which was set forth in the ''Notice of Intention to Circulate an Initiative Petition,'' and which was before the Supreme Court in the Blotter case. This new ordinance, like the original proposed ordinance, contained the provision that if three-fourths of the qualified electors voted in favor of the ordinance it was to become effective, and the further provision that if any part thereof was held to be unconstitutional this should not affect the validity of the remainder.

This new ordinance was submitted to a special election held on February 10, 1955, at which the ballots stated, among other things, that ''if three-fourths of the qualified electors, who vote, vote in favor of said Ordinance No. 293 it will provide for the redistricting of the presently existing councilmanic districts of the city of Palm Springs,'' in the manner described.

On February 15, 1955, the city council canvassed the election returns and determined that 785 votes had been cast in favor of the adoption of the ordinance and 602 votes against the proposition. It thus appears that the proposed ordinance received a majority vote but less than the three-fourths approval set forth as a requirement both on the ballot and in the proposed ordinance. The city council adopted a resolution declaring that the ordinance had been rejected because of a failure to obtain a three-fourths vote.

Thereafter these appellants applied for a writ of mandate seeking to compel the city council to declare the ordinance adopted, which was denied by this court on March 17, 1955. (*Hass* v. *City Council,* 4 Civ. No. 5099.) They then filed a petition in the superior court for a writ of mandate commanding the city council to disregard, as null and void, the provision in the ordinance requiring a three-fourths vote; and directing the city council to declare that the said ordinance had been duly adopted by a majority vote of the electors. After a hearing, the court refused to grant this relief and entered judgment for these respondents. These appellants then moved for a new trial, and for permission to amend their complaint by setting forth a cause of action for declaratory relief. Both of these motions were denied, and this appeal followed.

Appellants' main contentions are that the only code provision requiring a three-fourths vote is contained in section 34874 of the Government Code; that this provision was held in *Blotter* v. *Farrell, supra,* to be inapplicable with respect to redistricting; that sections 1715 and 1719 of the Elections Code, providing for a majority vote, are controlling; that the provision in this ordinance requiring a three-fourths vote is unconstitutional, since article IV section 1 of the state Constitution provides for a majority vote on any initiative or referendum measure; that the invalidity of this provision does not affect the remainder of the ordinance; and that it follows that the ordinance was legally adopted by a majority vote.

In the case of *Blotter* v. *Farrell, supra,* the question as to whether a three-fourths vote or a majority vote was required in such an election was not directly passed upon, although the discrepancies between the two possible lines of procedure were pointed out in one of the dissenting opinions. On the record before us, we deem it unnecessary to decide that question. Whichever line of procedure is properly applicable, it would seem to follow logically and legally that the matter should be submitted to the voters on that basis, or at least that

the voters should not be deceived or misled in that respect. After the election has been decided by the voters on the basis of the proposed ordinance submitted to them, the result should not be declared void by the body charged with the duty of canvassing the votes on the ground that a different rule should have been followed and a different proposition submitted.

While the Supreme Court in the Blotter case did not directly pass on the question as to the size of the vote required in such an election, it held that it was the duty of the city council to either pass ''the proposed ordinance'' or to submit it to a vote of the People. The city council complied by submitting to the voters an ordinance which was exactly the same, insofar as any question here is concerned, as the ''proposed ordinance'' which was then before the Supreme Court. It was then the duty of the city council to declare the result of that election and this it did. The respondents have already acted in the matter, and the purpose of this proceeding was to obtain an order requiring them to change an act already done, to disregard the vote as cast at the election and announce a different result, and to act in a different manner than that authorized by the vote of the electors. The provision in the ordinance submitted at the election and stated in the ballots, that a three-fourths majority was required, is one which directly affects the adoption of the entire ordinance. Since the entire ordinance was rejected, the provision that the unconstitutionality of one part should not affect the remainder was not adopted. It would be a fraud on the voters to rule otherwise, after they have voted upon an ordinance submitted to them upon a definite condition. It may well be that many voters who were not entirely convinced as to the wisdom of adopting that ordinance were willing to agree to it in the event that three fourths of the voters desired to make that change.

If it be assumed that it will be eventually decided that in such an election only a majority vote is required to put the ordinance into effect, the fact remains that the proposition was not submitted to the voters on that basis. On the other hand, they were asked to vote on the basis that a three-fourths vote was required, and the result of the election did not meet the requirement set forth in both the proposed ordinance and the ballot. Moreover, the matter was submitted to the voters in the form and subject to the condition requested by the signers of the initiative petition.

We are here concerned with what was actually done and the trial court's action on the facts before it. Under those

facts it does not appear that the trial court did not properly exercise its discretion in denying the relief asked for. (*Stracke* v. *Farquar*, 20 Cal.2d 82 [124 P.2d 9] ; *Ertman* v. *Municipal Court*, 68 Cal.App.2d 143 [155 P.2d 908, 156 P.2d 940].)

■ No reversible error appears in the court's refusal to permit an amendment to the petition, after judgment was entered, setting up a cause of action for declaratory relief. Aside from the time element this amendment, if allowed, would not have altered the situation with which the court was faced. We are not impressed with the argument that to have permitted this amendment would have avoided another equitable suit. As a practical matter, in view of the changed conditions during the last four years, with the greatly increased population and the annexation of other territory, any redistricting proposition should be based upon a new initiative proceeding signed by the required number of voters who now are involved and directly interested.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 28, 1956. Shenk, J., was of the opinion that the petition should be granted.