[Civ. No. 18610. First Dist., Div. One. Apr. 18, 1960.]

EUGENE A. TALIAFERRO, Appellant, v. JUDGE WILSON LOCKE, as Judge of the Municipal Court for the San Pablo Judicial District, Respondent; CALIFORNIA-WESTERN STATES LIFE INSURANCE COMPANY (a Corporation), Real Party in Interest.

Eugene A. Taliaferro, in pro. per., for Appellant.

John A. Nejedly, District Attorney (Contra Costa), and Charles L. Hemmings, Deputy District Attorney, for Respondent.

Lawrence E. Viau, Jr., for Real Party in Interest.

BRAY, P. J.—Petitioner appeals from a judgment discharging the alternative writ of mandate and dismissing his petition for writ of mandate.

## Questions Presented

1. Is this appeal moot?
2. Did petitioner have an adequate remedy at law?
3. May a corporation appear in the small claims court by an attorney who is its assistant secretary?

## Record

In the small claims court of the San Pablo Judicial District of Contra Costa County petitioner filed an action entitled *"Taliaferro v. California-Western States Life Insurance Company."* On March 14, 1958, the case was called for hearing. Petitioner appeared in propria persona. California-Western States Life Insurance Company, a corporation, the real party in interest in this proceeding, was represented by Joseph S. Heston, an attorney who is an assistant secretary of said corporation. Petitioner alleged that said Heston stated to the small claims court that he had neither personal knowledge of the facts nor were the corporation's books and records kept under his personal supervision. On the ground that section 117g, Code of Civil Procedure, provides, "No attorney at law or other person than the plaintiff and defendant shall take any part in the filing or the prosecution or defense of such litigation in the small claims court," petitioner moved for the entry of California-Western States' default. The motion was denied. Thereupon, petitioner sought this writ of mandate in the superior court. That court found that Heston was an "employee, officer and assistant secretary of said California-Western States Life Insurance Company" and also "is an attorney at law employed in the Legal Department of" said corporation; that petitioner had not shown sufficient facts to constitute a cause of action for mandamus, discharged the alternative writ of mandate and dismissed the petition.

### 1. *Is This Proceeding Moot? No.*

█ Respondent California-Western States Life Insurance Company contends that immediately following the refusal of the judge of the small claims court to enter the corporation's default, said Judge Locke disqualified himself and transferred the cause to the small claims court of the Concord Municipal Court. After determination of this proceeding in the superior court, the cause was retransferred to the San Pablo Small Claims Court, tried, and a judgment entered in favor of the corporation. Thereafter, petitioner appealed from the superior court judgment in this proceeding.

Respondent California-Western States Life Insurance Company contends that by submitting himself to the jurisdiction of the court at that trial petitioner waived his right to have the correctness of the court's refusal to enter the corporation's default determined and thereby made this appeal moot. There is nothing in the record to indicate that petitioner's appearance at, and action in, the small claims court trial was not under compulsion. The clerk of the small claims court set the action for trial on a certain date. Petitioner objected on the ground that the defendant's default should have been entered and that the judgment in the mandate proceeding had not become final. His objection was overruled. Had petitioner not appeared at the trial judgment would have gone against him by default. He had protected his rights by unsuccessfully asking the superior court to mandamus the trial court to enter the corporation's default. His time to appeal from the superior court's action had not expired. An appeal would not have stayed the small claims court from proceeding with the trial. If this court should uphold the action of the superior court, then, unless petitioner had defended at the trial he would be faced with a judgment from which he could not appeal.

While possibly petitioner could have applied to the superior court for a writ of supersedeas to delay the trial until the mandate judgment became final, the granting of which writ would have been in that court's discretion, the fact of such possible remedy did not make petitioner's appearance at the trial any the less under compulsion. This appeal is not moot.

## 2. Did Petitioner Have an Adequate Remedy at Law?

Section 117j, Code of Civil Procedure, denies a plaintiff in the small claims court the right of appeal. "The judgment of said court shall be conclusive upon the plaintiff." While errors within a court's jurisdiction ordinarily may not be corrected by means of writ of mandamus, in other words, mandamus may not be used as a writ of error or review (see *Nelson* v. *Superior Court,* 77 Cal.App.2d 783\* [176 P.2d 390]) the question of whether or not a defendant has appeared in a civil action is one of jurisdiction and the failure of a court to enter a default when proper is a matter to which mandamus will lie. See *W. A. Rose Co.* v. *Municipal Court* (1959),

---

\*"Statements to the effect that mandamus cannot function as a writ of error are too broad, and are misleading. Undoubtedly, mandamus does not lie to correct mere error where an adequate remedy by appeal is open to the moving party." (32 Cal.Jur.2d 203.)

176 Cal.App.2d 67 [1 Cal.Rptr. 49]. As petitioner did not have the right of appeal, mandamus is the correct remedy to determine whether or not the court should have entered the corporation's default. The finding that petitioner had an adequate remedy is incorrect. However, such error is not important in view of the fact that the court properly determined this proceeding on the merits.

3. *The Corporation Did Not Default.*

 . At the time of the hearing of the petition in the superior court, the parties stipulated that the only issue on the default question was whether or not Heston was authorized to represent the corporation at the small claims court hearing. Petitioner's petition stated that he was not. (However, he offered no proof to support any of the allegations of his petition.) Heston produced a copy of the corporation's minutes of March 4, 1958 (10 days before the hearing in question), appointing him assistant secretary and testified that as such he had jurisdiction over the records of the corporation the same as the vice-president and general counsel. The corporation's counsel asked Heston if prior to that hearing, "did you attempt in any way to obtain any information with respect to what the nature of the case was?" He replied that he did. Thereupon, petitioner objected to the question as being irrelevant, immaterial and incompetent. The court then stated: "Yes, I don't think that's in issue here. The only question is whether or not he was there representing the company." Thereupon, the case was submitted on the question of whether the fact that in addition to being the corporation's assistant secretary, he was also one of its attorneys, made him ineligible to appear for the corporation at the small claims court trial.

*Prudential Ins. Co. v. Small Claims Court* (1946), 76 Cal. App.2d 379, 388 [173 P.2d 38, 167 A.L.R. 820], holds, in effect, that under certain circumstances an officer of a corporation who is also a lawyer for the corporation may appear for it in the small claims court. "[T]he members of the board of directors and other officers should be permitted to so appear, and this is so whether or not they are attorneys. This follows because in such cases they are not appearing as an attorney but in their capacity as an officer . . ." (P. 386.) In the Prudential case the court held that the corporation's attorney who had been appointed as an agent of the company to appear for it in the small claims court, under the circumstances was acting as attorney and not as an officer of the company and

hence his appearance should not be permitted. In this proceeding the limited issue presented to the court distinguishes our case from the facts in the Prudential case.

Judgment affirmed.

Tobriner, J., and Duniway, J., concurred.