[No. B118432. Second Dist., Div. Six. Jan. 25, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID RODRIGUEZ VELASQUEZ, Defendant and Appellant.

---

**COUNSEL**

Douglas G. Benedon, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka and Susan C. Diamond, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**YEGAN, J.**—To our knowledge, David Rodriguez Velasquez presently occupies a singular place in California penal history. That is to say, he is the

only person ever to have been sentenced to state prison for three years for annoying or molesting a child with a qualifying prior conviction in violation of Penal Code section 647.6, subdivision (c)(2). For this offense, the Legislature has determined that the punishment is either two years, four years, or six years in prison. We modify the judgment to the only permissible sentence which could be imposed consistent with his negotiated disposition, i.e., two years.

When appellant originally entered into his negotiated disposition, he was expressly advised that he would not immediately be sentenced to prison. Rather, he would be placed on felony probation and serve one year in county jail as a condition of probation. He was advised that if he were to violate probation, a state prison sentence no greater than three years could be imposed. It is theoretically possible, but unlikely, that a prosecutor would offer such a maximum disposition upon a future revocation of probation. The fair inference is that the prosecutor simply misread the range of punishment for annoying or molesting a child with qualifying prior conviction and erroneously advised appellant of the wrong theoretical maximum sentence.

When appellant's probation was revoked, the sentencing court was advised of the authorized two-year, four-year, or six-year sentencing scheme and that the terms of the negotiated disposition specified a maximum sentence of three years. Over appellant's objection, the trial court accepted the advice of the prosecutor and imposed the middle four-year term and stayed one of the years. Accordingly, the abstract of judgment expressly shows that appellant was sentenced to state prison for three years. It also contains the following recital: "The court notes that the middle base term is 4 years and stays 1 year for a total prison term imposed of 3 years. (See letter dated December 17, 1997 by Deputy District Attorney . . . to defense counsel, . . . re: authority by the People that a defendant could stipulate to a sentence that would otherwise not be applicable that is attached to the minute order.)"

The prosecutor and the sentencing court are to be given high marks for creativity. However laudable this attribute may be generally, creativity is anathema in the application of the Byzantine tenets of the determinate sentence law. (See *Community Release Bd.* v. *Superior Court* (1979) 91 Cal.App.3d 814, 815 [154 Cal.Rptr. 383].) The sentence here imposed is simply not authorized by law even if it is fair under the circumstances. The parties may not enter into a negotiated disposition, either by negligence or design, which specifies a sentence not authorized by law. The trial court should not put its imprimatur on such a disposition.

We reject the Attorney General's contention that appellant is estopped and ". . . cannot now challenge imposition of the three-year sentence

that appellant agreed to as part of the plea bargain, notwithstanding . . . that a three-year sentence is not authorized by [Penal Code] section 647.6, subdivision (c)(2)." Appellant did not "stipulate" to this three-year sentence. He agreed only that if he were to violate probation, a prison sentence of no greater than three years could be imposed.

The Attorney General cites the same cases relied upon by the prosecutor in the December 17, 1997, letter: *People* v. *Jones* (1989) 210 Cal.App.3d 124 [258 Cal.Rptr. 294]; *People* v. *Otterstein* (1987) 189 Cal.App.3d 1548 [235 Cal.Rptr. 108]; and *People* v. *Ellis* (1987) 195 Cal.App.3d 334 [240 Cal.Rptr. 708] (disapproved on other grounds). These cases are factually distinguishable and are not here controlling.

In *People* v. *Jones, supra,* 210 Cal.App.3d 124, the court held that the defendant waived the prohibition against the "double use" of a prior conviction enhancement under Penal Code section 1170.1, subdivision (a) by agreeing to a second enhancement for his prior conviction as part of his negotiated disposition from which he derived substantial benefit. In *People* v. *Otterstein*, *supra,* 189 Cal.App.3d 1548, the court similarly held that the defendant waived the statutory prohibition precluding enhancement for infliction of great bodily injury where it is an element of the crime of which the defendant was convicted where the defendant agreed to such an enhancement as part of his negotiated disposition and thereby avoided an even greater sentence. Finally, in *People* v. *Ellis*, *supra,* 195 Cal.App.3d 334, the court held that the defendant was estopped from challenging his admission that his prior federal bank robbery conviction constituted a "serious felony" under California's "Three Strikes" law, even though it did not qualify as such as a matter of law, because his admission was knowingly made as part of an advantageous negotiated disposition.

The common theme of these cases is that when the defendant knowingly, intelligently and expressly agrees to certain aspects of a proposed negotiated disposition, i.e., sentencing irregularities, to obtain the overall benefits of a negotiated disposition, he is estopped to complain. However, in none of these cases did the trial court impose a term which was not facially authorized by law.

Here, appellant did not agree or "stipulate" to any sentencing irregularity to obtain the benefit of a negotiated disposition. The negotiated disposition left open the possibility of a lawful two-year state prison sentence if he violated the terms and conditions of probation. This is simply not a case where the defendant should be estopped because he is "trifling" with the courts. (E.g., *In re Griffin* (1967) 67 Cal.2d 343, 347-348 [62 Cal.Rptr. 1,

431 P.2d 625].) ▆▆▆ A defendant may not retain the favorable aspects of his negotiated disposition and at the same time jettison its unfavorable aspects. (*In re Blessing* (1982) 129 Cal.App.3d 1026, 1028 [181 Cal.Rptr. 590].) ▆▆▆ Here appellant asks only that he be sentenced consistent with the fair import of the negotiated disposition. ▆▆▆ "Well established is the rule that the People will be held strictly to the terms of a plea bargain with a criminally accused. [Citations.]" (*In re Troglin* (1975) 51 Cal.App.3d 434, 438 [124 Cal.Rptr. 234].)

▆▆▆ As the moving party in a criminal action, it is the prosecutor's responsibility to correctly advise, or make sure that the trial court correctly advises, the defendant of the permissible penalty scheme. (See, e.g., *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086]; *People* v. *Walker* (1991) 54 Cal.3d 1013, 1030 [1 Cal.Rptr.2d 902, 819 P.2d 861]; see also *People* v. *Parker* (1998) 67 Cal.App.4th 200, 203 [78 Cal.Rptr.2d 868] review granted Feb. 24, 1999 (S074831) ["a prosecutor's mission includes . . . assuring that a correct lawful sentence is imposed"]; *People* v. *Quesada* (1991) 230 Cal.App.3d 525, 536 [281 Cal.Rptr. 426] [noting common practice for the prosecutor, rather than the court, to advise of his rights and the consequences of a guilty plea]; *People* v. *Vest* (1974) 43 Cal.App.3d 728, 734 [118 Cal.Rptr. 84].) Where, as here, the prosecutor negligently does so, the defendant relies thereon, and the court accepts the negotiated disposition, upon revocation of probation, the defendant may be sentenced as authorized by law subject to any limitation specified in the negotiated disposition.

If the instant reduction of sentence may be characterized as a windfall for appellant, it is directly attributable to the prosecutor's negligence. The remedy suggested by the prosecutor and here adopted by the sentencing court alters the sentencing scheme for Penal Code section 647.6 subdivision (c)(2) and defeats one of the stated goals of the determinate sentence law, uniformity in sentencing. (Pen. Code, § 1170, subd. (a)(1); *People* v. *McCart* (1982) 32 Cal.3d 338, 340 [185 Cal.Rptr. 284, 649 P.2d 926]; *People* v. *Simon* (1983) 144 Cal.App.3d 761, 765 [193 Cal.Rptr. 28].)

The judgment is modified to show that appellant was sentenced to state prison for two years. As so modified, the judgment is affirmed.

Gilbert, Acting P. J., and Coffee, J., concurred.

A petition for a rehearing was denied February 22, 1999, and the opinion was modified to read as printed above.