Filed 1/29/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C071008 |
| Petitioner, | (Super. Ct. No. 11NCR08689) |
| v. | |
| THE SUPERIOR COURT OF GLENN COUNTY, | |
| Respondent; | |
| SAMUEL SANCHEZ, JR., | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate. Donald C. Byrd, Judge. Petition granted.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and George M. Hendrickson, Deputy Attorneys General, for Petitioner.

Jarvis, Fay, Doporto & Gibson and Benjamin P. Fay for Respondent.

Elizabeth Campbell, under appointment by the Court of Appeal, for Real Party in Interest.

In this criminal case, the People and real party in interest Samuel Sanchez, Jr. (hereafter defendant), negotiated a plea that was unauthorized by law because it required a penalty not available for the crime to which defendant pleaded no contest. At sentencing, the trial court reformed the plea bargain detrimentally to the People by reducing the penalty to the term of imprisonment authorized by law for the crime. The People filed a petition in this court asking for a writ directing the trial court to vacate the plea bargain. We denied the petition summarily. But the California Supreme Court directed us to issue an order to show cause why relief should not be granted to the People. Having done so, we now decide the petition on the merits.

We conclude that the trial court exceeded its jurisdiction by reforming the negotiated plea to conform with the applicable law because the reformation denied the People the benefit of their bargain. Therefore, we grant the People's petition and direct issuance of a writ of mandate.

BACKGROUND

The district attorney filed an information accusing defendant of conspiracy to commit robbery, attempted first degree burglary, two counts of first degree burglary, shooting at an inhabited dwelling, two counts of attempted murder, and two counts of assault with a semiautomatic firearm. The information also alleged personal firearm use and great bodily injury, as well as a prior conviction for possession for sale of a controlled substance and three prior convictions for unlawful sexual intercourse with a minor.

Defendant and the district attorney entered into a plea bargain, under which defendant agreed to plead no contest to one count of attempted murder and to be sentenced to an indeterminate term of 25 years to life in exchange for dismissal of the other counts with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*). The parties signed a plea form to that effect. Defendant was represented by three defense attorneys.

2

At a hearing on the plea, the district attorney stated the basis for the plea on the attempted murder count. Defendant shot at another vehicle while driving 80 to 90 miles per hour on a highway, hitting one of the occupants. Eleven bullet holes were found in the vehicle being pursued. The district attorney also stated the basis for the count of shooting at an inhabited dwelling, which was to be used in sentencing under the *Harvey* waiver. Defendant, on an occasion separate from the shooting on the highway, shot into an occupied trailer. The court accepted the plea bargain, and defendant pleaded no contest to one count of attempted murder.

A probation report recommended that the court impose the 25-years-to-life term. In a statement in aggravation, the district attorney also recommended that the court impose the 25-years-to-life term.

In a supplemental statement in aggravation filed two days before sentencing, the district attorney noted that the statutory punishment for attempted murder is life with the possibility of parole, with a minimum term of seven years. The district attorney, however, urged the trial court either to specifically enforce the plea bargain and impose the 25-years-to-life term or to vacate the plea.

At sentencing, the trial court noted that the punishment agreed to in the plea bargain is not authorized for attempted murder. The court said: "The Court is not going to impose an illegal sentence even if there's an agreement by the parties in this matter." The district attorney argued that the plea bargain should be vacated because of the mistaken understanding by both parties and the court concerning the authorized punishment for attempted murder. Defense counsel acknowledged that defendant agreed to a 25-years-to-life term, but he urged the court to impose the penalty authorized by law. Counsel argued that the district attorney "should have crafted the [plea bargain] document a little more carefully."

The trial court ruminated that, if the mistake had been in the People's favor, the court would have been required to allow defendant to withdraw the plea. But the court

added:  "The People do not get the same opportunity under our state of the law."  The court then imposed the term allowed by law for attempted murder, which is life with the possibility of parole, thus effectively giving defendant a minimum term of just seven years rather than 25.  (Pen. Code, §§ 664, subd. (a); 3046, subd. (a)(1).)

The People filed a petition for writ of mandate in this court, which we summarily denied.  The California Supreme Court, however, granted the People's petition for review and transferred the matter back to us with directions to vacate our order denying mandate and to issue an order directing the superior court to show cause why the relief sought in the petition should not be granted.  We have complied with the Supreme Court's order and now consider the parties' arguments.

DISCUSSION

I

*Availability of Mandate*

In his return to the order to show case, defendant contends that mandate is not available, regardless of whether there was error, because either (1) the People had an adequate remedy at law or (2) this is not a case in which the law provides a remedy to the People.  This contention is without merit.  The Supreme Court's direction to this court to issue an order to show cause established that there was no adequate remedy at law and that the petition should be decided on its merits.

Defendant claims that writ relief is not available in this case because the People could have appealed from the trial court's order modifying the plea bargain but did not.  Since the People had an adequate remedy on appeal, argues defendant, we should deny writ relief.  (See Code Civ. Proc., § 1086.)  In the alternative, continues defendant, if the People could not have appealed the trial court's order, then writ relief is not available because the People's right to review is limited to those matters that can be appealed.  (See *People v. Superior Court (Howard)* (1968) 69 Cal.2d 491, 497-498.)  These arguments fail, however, because the Supreme Court's direction to issue an order to show cause

4

conclusively determined the inadequacy of appeal and the propriety of exercising our original jurisdiction. (*People ex rel. Younger v. Count of El Dorado* (1971) 5 Cal.3d 480, 492; *Castaneda v. Municipal Court* (1972) 25 Cal.App.3d 588, 592; see also 8 Witkin, Cal. Procedure (5th ed. 2008) Extraordinary Writs, § 119, pp. 1011-1012.)

By directing us to issue an order to show cause, the Supreme Court has "necessarily determined that there is no adequate remedy in the ordinary course of law and that this case is a proper one for the exercise of our original jurisdiction [citations]." (*People ex rel. Younger v. Count of El Dorado, supra,* 5 Cal.3d at p. 492.) Accordingly, we will render a decision "even though it may later appear that the case is one where the remedy by appeal was adequate and the writ should not have been issued. [Citations.]" (*Castaneda v. Municipal Court, supra,* 25 Cal.App.3d at p. 592.)

II

*Trial Court's Reformation of the Negotiated Plea*

The Attorney General contends that the trial court exceeded its jurisdiction by reducing the term of imprisonment without the People's consent. We agree. A trial court exceeds its jurisdiction when it alters the terms of a negotiated plea without the People's consent to make the bargain more favorable to the defendant. (*People v. Segura* (2008) 44 Cal.4th 921, 931 (*Segura*).) We also agree with the Attorney General that the People are entitled to a writ directing the trial court to vacate the negotiated plea and reinstate all counts against defendant.[1]

A plea bargain is an agreement negotiated between the defendant and the People and approved by the trial court. (*Segura, supra,* 44 Cal.4th at pp. 929-930.) Each party benefits – the People by obtaining a guilty or no contest plea and often an agreed term of

---

[1] In her writ petition, the Attorney General does not seek specific enforcement of the plea bargain; therefore, we need not, and do not, consider whether specific enforcement of the plea bargain is a remedy available to the People in a case such as this.

5

imprisonment, and the defendant by obtaining less severe punishment, including in some cases through the dismissal of one or more counts. (*Id*. at p. 930.)

"Because a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles. [Citations.] Acceptance of the agreement binds the court and the parties to the agreement. [Citations.] ' "When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." ' [Citations.]" (*Segura, supra,* 44 Cal.4th at pp. 930-931.) Once the trial court approves the plea bargain, it cannot change the agreement without the consent of the parties. (*Id*. at p. 931.) The court lacks jurisdiction to alter the terms and must impose a sentence within the limits of the bargain. (*Ibid*.)

Here, the trial court imposed a sentence outside the limits of the bargain. Instead of a term of 25 years to life, the court imposed a term of life with the possibility of parole, which set the minimum term at only seven years. (Pen. Code, §§ 664, subd. (a); 3046, subd. (a)(1).) Under *Segura*, however, the court lacked jurisdiction to alter the bargain and impose a lesser term of imprisonment.

That raises the question of what the trial court should have done under the circumstances, having been apprised that the agreed upon term of 25 years to life is not the statutory punishment for attempted murder. The answer comes from "general contract principles." (See *Segura, supra,* 44 Cal.4th at p. 930.) Because the parties were subject to a mistake of law, the People were entitled to rescind the agreement, which means that the trial court should have granted the prosecution's request to vacate the plea bargain. Expressed another way, the trial court should have withdrawn its approval of the agreement when it recognized the illegality. (See Pen. Code, § 1192.5.)

A mistake of law is, as applied here, "[a] misapprehension of the law by all parties, all supposing that they knew and understood it, and all making substantially the same mistake as to the law . . . ." (Civ. Code, § 1578, subd. 1.) A party to a contract may

6

rescind it if consent to the contract was given by mistake or if consideration for the contract fails in a material respect.[2] (Civ. Code, § 1689, subd. (b)(1) & (4); *Harris v. Rudin, Richman & Appel* (2002) 95 Cal.App.4th 1332, 1338-1341 (*Harris*); see also Civ. Code, § 1667 [contract contrary to express provision of law is unlawful].) Rescission extinguishes the contract. (Civ. Code, § 1688.)

In *Harris*, the parties agreed to settle a legal malpractice action, but, at the time they entered into the agreement, they were both ignorant of a new law that rendered harmless the alleged malpractice. (*Harris, supra,* 95 Cal.App.4th at pp. 1335-1336.) The defendants sought to rescind the agreement based on the mutual mistake of law or fact. (*Id*. at p. 1337.) The Court of Appeal held that, under these facts, the defendants were entitled to rescission because the mistake "went to the very heart of their settlement agreement." (*Id*. at p. 1340; see also *Hannah v. Steinman* (1911) 159 Cal. 142 [tenant entitled to rescind lease because parties both mistakenly believed the law allowed the intended construction of a wooden building].)

As in *Harris*, the mutual mistake of law in this case went to the very heart of the agreement – that is, to the term of imprisonment defendant agreed to in exchange for his no contest plea and dismissal of other counts. In such a case, free and mutual consent is absent, and rescission is available to the aggrieved party. (Civ. Code, §§ 1565, 1566, 1567.)

Instead of accepting the People's proposal to rescind the plea bargain, the trial court reformed the contract. But reformation was improper. (Civ. Code, § 3399.) "When, through . . . a mutual mistake of the parties . . . , a written contract does not truly

---

[2]     Although there is some authority that mutual mistake of law affords no basis for relief from the contract (1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 272, p. 303), following that line of reasoning would require specific performance of the plea bargain, which did not occur in the trial court and, as noted above, is not requested by the Attorney General in her petition.

express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value." (Civ. Code, § 3399.) The manner in which the trial court reformed the plea bargain, and enforced it as reformed (see Civ. Code, § 3402), was contrary to the intent of the parties and prejudiced the People's right under the agreement to have defendant sentenced to a term of 25 years to life. While a court may reform the written instrument to reflect the parties' actual agreement, it cannot create a new unintended agreement. (*Lemoge Electric v. County of San Mateo* (1956) 46 Cal.2d 659, 663-664.)

Defendant contends that the People must bear the consequences of the illegal plea bargain because the district attorney drafted it. This contention fails, however, because, even assuming the district attorney drafted the agreement, it was not ambiguous and was not a standard form contract. (See *Victoria v. Superior Court* (1985) 40 Cal.3d 734, 739 [ambiguities in standard form contracts construed against drafter].) The negotiated agreement was quite clear, just illegal. Therefore, there is no justification for reforming the unambiguous language of the plea bargain to impose a completely different punishment.

Defendant also contends that the prosecutor's mistake must be held against the People because the prosecutor bears the burden of correctly advising a defendant of the sentence the defendant faces under the negotiated agreement. In support, he cites *People v. Velasquez* (1999) 69 Cal.App.4th 503 (*Velasquez*). We disagree with *Velasquez* because, in that case, the court failed to consider contract principles, as required by the Supreme Court. (See *Segura, supra,* 44 Cal.4th at pp. 930-931.)

In *Velasquez*, the defendant negotiated for probation in exchange for a guilty plea to annoying or molesting a child. He also agreed to serve three years in state prison if his probation were revoked. After his probation was revoked, defendant claimed the court could not sentence him to any more than two years because the sentencing triad for

8

annoying or molesting a child was two, four, and six years. (*Velasquez, supra,* 69 Cal.App.4th at p. 505.) The Court of Appeal agreed, placing the blame for the mistake and its burden squarely on the People. The court said: "As the moving party in a criminal action, it is the prosecutor's responsibility to correctly advise, or make sure that the trial court correctly advises, the defendant of the permissible penalty scheme. (*See, e.g., Bunnell v. Superior Court* (1975) 13 Cal.3d 592, 605; *People v. Walker* (1991) 54 Cal.3d 1013, 1030; see also *People v. Parker* (1998) 67 Cal.App.4th 200, 203, review granted Feb. 24, 1999 (S074831) ['a prosecutor's mission includes . . . assuring that a correct lawful sentence is imposed']; *People v. Quesada* (1991) 230 Cal.App.3d 525, 536 [noting common practice for the prosecutor, rather than the court, to advise of his rights and the consequences of a guilty plea]; *People v. Vest* (1974) 43 Cal.App.3d 728, 734.) Where, as here, the prosecutor negligently does so, the defendant relies thereon, and the court accepts the negotiated disposition, upon revocation of probation, the defendant may be sentenced as authorized by law subject to any limitation specified in the negotiated disposition. [¶] If the instant reduction of sentence may be characterized as a windfall for appellant, it is directly attributable to the prosecutor's negligence." (*Velasquez, supra,* at p. 507.)

The cases cited in *Velasquez* do not support the proposition that a mistake of law in a plea bargain must be interpreted against the People. A cursory review of each of the cases cited in *Velasquez* bears this out.

*Bunnell v. Superior Court, supra,* 13 Cal.3d at page 605, requires *the trial court* to advise a defendant of certain rights when the issue of the defendant's guilt is submitted to the court based on the transcript of a prior trial.

*People v. Walker, supra,* 54 Cal.3d at page 1030, held that *the trial court* prejudicially erred by imposing a restitution fine that significantly exceeded the terms of a negotiated plea. The Supreme Court later clarified this holding, stating that "failure to address the amount of a restitution fine in plea negotiations or during the plea colloquy

9

does not transform imposition of such a fine into a violation of the plea agreement." (*People v. Villalobos* (2012) 54 Cal.4th 177, 185-186.)

*People v. Parker* (B119466, Oct. 13, 1998) was superseded by a grant of review in the Supreme Court.

*People v. Quesada, supra,* 230 Cal.App.3d at page 536 merely noted that it was a common practice for the prosecutor or defense counsel, rather than the court, to advise a defendant concerning the rights and the consequences of a guilty plea.

And *People v. Vest, supra,* 43 Cal.App.3d at page 734, noted that "most trial judges . . . at length and in great detail explain these rights [associated with a guilty plea] to the accused and examine him concerning them as well as his understanding of the nature of the charge and the consequences of a plea of guilty, in order to satisfy themselves that in entering his plea he knowingly and intelligently and freely and voluntarily waives his constitutional rights."

Unlike the *Velasquez* court, we perceive in these cases no authority for throwing the burden of a mutual mistake of law in plea negotiations wholly on the People.

As a practical matter, it defies common sense to have such a rule. It allows a defendant and defense counsel to stay quiet during plea negotiations, even knowingly, and then take advantage of the mistake later to obtain less severe punishment than was agreed. It is also against public policy because it gives a defendant the benefit of a mere mistake that could easily be undone. This case showcases the folly of not undoing the mistake. Defendant avoided prosecution on several violent charges with potentially long sentences by pleading no contest to one count and agreeing to a sentence of 25 years to life. Allowing him now to serve what is essentially a sentence of seven years to life defeats the purpose of the long sentences authorized for violent conduct and is against public interest.

In our view, this case is similar to *People v. Bean* (1989) 213 Cal.App.3d 639 (*Bean*). In *Bean*, the People and the defendant entered into a plea bargain under which

10

the defendant would plead guilty to attempted petty theft with a prior conviction. Unknown to the parties, however, was that attempted petty theft with a prior conviction is not a crime in California. (*Id*. at pp. 641-642.) Reversing, this court said: "This plea was defective *ab initio*. It should never have been entered. Our duty is to nullify it entirely." (*Id*. at p. 645.)

In this case, the plea also should not have been entered. The plea bargain was defective from the beginning because it was based on an agreement to have defendant punished for attempted murder by an unauthorized term of 25 years to life. While the defect in *Bean* was in the nonexistence of the crime, the defect here is in the lack of authority for the agreed penalty. But we see no difference in the reasoning requiring nullification of the plea bargain. Either way, the plea bargain is contrary to law.

The *Bean* court noted that nullification of the plea bargain would place the parties in the position they faced prior to the plea bargain, with the People being free to reinstate charges dismissed as a result of the plea bargain. (*Bean, supra,* 213 Cal.App.3d at p. 646.) The same is true here. The judgment must be reversed, the plea vacated, and the parties placed in the same position with respect to each other that they occupied before they entered into the plea bargain.

Finally, defendant argues, quoting *People v. Municipal Court* (*Martinez*) (1971) 14 Cal.App.3d 362, at page 366, that "[i]f the People had their pockets picked in the criminal case, it was because they neglected to button down the flaps." In that case, the court held that the People had a right to appeal but did not, and that the People could not circumvent its failure to appeal by obtaining a writ. (*Id*. at pp. 365-366.) No such circumstances exist here. The catchy quote from *Martinez* does not justify our turning a blind eye to the injustice done by the trial court here in changing the bargained agreement.

We hold, therefore, that the trial court erred by denying the People's request to vacate the plea and by imposing a sentence other than what was bargained for.

There is no double jeopardy problem here because there is a valid basis to vacate the no contest plea.  (*People v. Turner* (2004) 34 Cal.4th 406, 419; *People v. Massie* (1998) 19 Cal.4th 550, 565-566.)  Neither party argues to the contrary.

DISPOSITION

The petition is granted.  Let a peremptory writ of mandate issue directing the superior court to vacate the sentence and the plea bargain, reinstate the dismissed counts, allow defendant to withdraw his no contest plea, and conduct further proceedings consistent with this opinion.


     NICHOLSON     , J.


We concur:


     BLEASE     , Acting P.J.


     BUTZ     , J.