Filed 8/7/14  P. v. Lesbrowder CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>RYAN BRAN KNOWLESBROWDER,<br><br>  Defendant and Appellant. | C074304<br><br>(Super. Ct. No. 12CR19944) |

Pursuant to a plea agreement, the trial court sentenced defendant Ryan Bran Knowlesbrowder to an aggregate state prison term that included a subordinate term longer than allowed by law.[1]  Defendant asks us to strike the unauthorized portion of the

---

[1] The notice of appeal, which appears to have been filled out by defendant himself, gives his surname as "Knowles-Browder."  Throughout most of the record on appeal, however, it appears as one word, "Knowlesbrowder," and we will use that spelling in this opinion.

1

sentence. The Attorney General proposes instead that we remand the matter to the trial court, as we did under similar circumstances in *People v. Superior Court (Sanchez)* (2014) 223 Cal.App.4th 567 (*Sanchez*), so defendant may have the opportunity to withdraw his plea. We shall remand the matter for that purpose.

## FACTUAL AND PROCEDURAL BACKGROUND

An information charged defendant with carjacking (counts I & II; Pen. Code, § 215, subd. (a));[2] attempted carjacking (counts III-VI; §§ 664/215, subd. (a)); second degree robbery (count VII; § 211); first degree burglary (count VIII; § 459); second degree commercial burglary (count IX; § 459); felony vandalism (count X; § 596, subd. (b)(1)); misdemeanor evading an officer (count XI; Veh. Code, § 2800.1, subd. (a)); and misdemeanor petty theft (count XII; § 484, subd. (a)). The victim alleged in count I was Margaret V.; the victim alleged in count V was Rosario M.; and the victim alleged in count VII was Allen M. As to counts I through X, the information alleged that defendant committed the offenses while released from custody on bail or on his own recognizance (§ 12022.1) and that he had served three prior prison terms (§ 667.5, subd. (b)). As to count V, the information further alleged that defendant used a deadly or dangerous weapon in the commission of the offense. (§ 12022, subd. (b)(2).)

In a written plea agreement, defendant pleaded guilty to counts I, V, and VII (*People v. West* (1970) 3 Cal.3d 595) and admitted two prior prison terms in return for an aggregate sentence of nine years two months in state prison and the dismissal of the remaining allegations (plus four other pending cases). The aggregate sentence consisted of five years (the midterm) on count I, plus 10 months (one-third the midterm) on count V, plus one year four months (one-third the midterm) on count VII, plus two years for the prior prison terms.

---

[2] Undesignated section references are to the Penal Code.

2

The trial court accepted the plea in open court, reserving a ruling on the dismissal of the remaining counts and cases.  The parties stipulated that the preliminary hearing provided the factual basis for the plea.

The evidence at the preliminary hearing showed as to counts I, V, and VII:  on September 11, 2012, while inside a church, defendant struck Rosario M. with a flashlight and demanded her car keys, but she did not give them up.  He then demanded money from her husband, Allen M., who gave him $6.  Finally, he left the scene in a car belonging to Margaret V., who had given him her car keys.

On May 23, 2013, the trial court sentenced defendant to an aggregate state prison term of nine years two months, calculated as in the plea agreement.  The court dismissed the remaining allegations in the case, along with the four trailing cases.

## DISCUSSION

Defendant contends the sentence of one year four months on count VII (second degree robbery) was unlawful.  The Attorney General agrees, and so do we.

According to the plea agreement, which the trial court followed in imposing sentence, the term on count VII, a consecutive subordinate term, was intended to be one-third the midterm.  (Cf. § 1170.1, subd. (a).)  But the midterm sentence for second degree robbery is three years.  (§ 213, subd. (a)(2).)  Therefore, one-third the midterm is one year, not one year four months.[3]

In *People v. Velasquez* (1999) 69 Cal.App.4th 503 (*Velasquez*), the appellate court reduced a bargained-for sentence that exceeded lawful parameters to the term authorized by law, reasoning that the mistake in the plea bargain stemmed from the prosecutor's negligence and therefore must be interpreted against the People.  (*Id.* at pp. 505-507.)

---

[3]  As defendant points out, one year four months is one-third the midterm for *first* degree robbery.  (§ 213, subd. (a)(1)(B).)

3

Relying on *Velasquez*, defendant argues in his opening brief that this court should modify his sentence by reducing the term on count VII to one year. We decline to do so.

In *Sanchez*, *supra*, 223 Cal.App.4th 567, which according to defendant was filed after he submitted his opening brief, this court disagreed with *Velasquez*. (*Sanchez*, at pp. 575-576.) We held that *Velasquez* erred by failing to consider the contract principles underlying plea bargaining. (*Sanchez*, at p. 575, citing *People v. Segura* (2008) 44 Cal.4th 921, 930-931.) In accordance with those principles, we concluded that where an unauthorized sentence arrived at by a plea bargain results from a mutual mistake of law, the remedy is to vacate the sentence and put the parties back into the positions they occupied before they entered into the bargain. (*Sanchez*, *supra*, 223 Cal.App.4th at pp. 577-578.)

In defendant's reply brief, he acknowledges *Sanchez* but asserts that it is not yet final and again asks us to reduce his sentence by four months, following *Velasquez*. However, defendant's first point is no longer correct: the California Supreme Court denied the defendant's petition for review in *Sanchez*. (*Sanchez*, *supra*, 223 Cal.App.4th 567, review den. Apr. 30, 2014, S217087.) And we see no reason to reconsider *Sanchez*.

## DISPOSITION

The matter is remanded to the trial court with directions to vacate defendant's sentence and the plea bargain, to permit him to withdraw his plea if he so wishes, and to conduct further proceedings consistent with this opinion.

                                                    RAYE            , P. J.

We concur:


        BUTZ            , J.


        MAURO          , J.

4