Filed 11/8/21  P. v. Patterson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRYAN DAMON PATTERSON,<br><br>    Defendant and Appellant. | F081681<br><br>(Super. Ct. No. SUF28394)<br><br>**OPINION** |

-----

### THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  Jeanne Schechter, Judge.

Karriem J. Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P. J., Peña, J., and Snauffer, J.

## STATEMENT OF APPEALABILITY

This appeal is from the denial of a motion to vacate a judgment based on an unauthorized sentence that is correctable at any time. (See *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084—1085.) This appeal is also made from an order after judgment affecting appellant Bryan Damon Patterson's substantial rights. (Pen. Code, § 1237, subd. (b).)[1]

## STATEMENT OF THE CASE

On July 9, 2003, a felony complaint was filed against Patterson alleging that he committed the following offenses: attempted escape from the California Youth Authority (CYA) (Welf. & Inst. Code, § 1768.7, subd. (b); count 1); first degree burglary (§ 459; count 2); assault with force likely to produce great bodily injury or with a deadly weapon (former § 245, subd. (a)(1); count 3); and misdemeanor resisting an officer (§ 148, count 4). As to counts 1 through 3, it was further alleged Patterson had suffered a prior felony adjudication/conviction for robbery (§ 211) on July 19, 2001, within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

On August 25, 2003, pursuant to an agreed upon resolution with the prosecution, Patterson pled guilty to counts 1 and 2 and admitted the strike prior. In exchange for his plea, for count 2, Patterson was to serve the low term doubled to four years because of the strike prior. For count 1, Patterson was to consecutively serve one-third of the middle term doubled to 16 months because of the strike prior. Patterson's aggregate sentence would be five years and four months.

On September 24, 2003, Patterson moved to discharge appointed counsel under *People v. Marsden* (1970) 2 Cal.3d 118. The motion was granted. Patterson also made a motion to withdraw his plea.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On October 9, 2003, Patterson's newly appointed counsel informed the court that he found no legal basis to withdraw Patterson's plea; the court held the sentencing hearing afterwards. Patterson was sentenced in accordance with his agreement with the prosecution. He was not awarded custody credits because he was serving a CYA commitment at the time of the offense.

On January 29, 2018, Patterson filed a motion to vacate his plea under section 1473.6. On March 6, 2018, the trial court filed a written ruling denying Patterson's motion. On March 19, 2018, Patterson filed a timely notice of appeal from the denial of his section 1473.6 motion. In an unpublished opinion, this Court affirmed the trial court's denial of Patterson's motion. (*People v. Patterson* (Dec. 20, 2019, F077189) [nonpub. opn.].)

On August 11, 2020, Patterson filed a motion to vacate his plea based on an unauthorized sentence pursuant to *People v. Velasquez* (1999) 69 Cal.App.4th 503, 505—506.) On August 24, 2020, the trial court prepared a written ruling denying Patterson's motion.

On September 1, 2020, Patterson filed a timely notice of appeal from the trial court's August 24, 2020, order.

## STATEMENT OF FACTS[2]

On July 5, 2003, Patterson and another minor were on a bus heading towards CYA when they escaped through the bus's fire escape window. Patterson entered a house

---

[2] Because Patterson pled in this case, the statement of facts is drawn from the probation officer's report filed on October 9, 2003.

through a sliding glass door.  The homeowner and her son pushed Patterson out of the sliding glass door .  Patterson was subsequently apprehended by authorities.

## APPELLATE COURT REVIEW

Patterson's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*People v. Wende* (1979) 25 Cal.3d 436.)  The opening brief also includes the declaration of appellate counsel indicating Patterson was advised he could file his own brief with this court.  By letter on February 2, 2021, we invited Patterson to submit additional briefing.

On March 8, 2021, Patterson responded to our invitation with a 10-page response, styled "Appellant's Supplemental Brief Under *Wende*," which this court has read and considered.  The issues raised therein were fully and properly addressed by the trial judge's order filed August 24, 2020.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court's August 24, 2020, order is affirmed.