Filed 3/16/22  P. v. Williams CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT DARRELL WILLIAMS II,<br><br>    Defendant and Appellant. | F080497<br><br>(Super. Ct. Nos. CR-19-004962<br>& CR-18-000744)<br><br>**ORDER MODIFYING OPINION**<br><br>**[NO CHANGE IN JUDGMENT]** |

**THE COURT:**

It is hereby ordered that the nonpublished opinion filed herein on March 16, 2022, be modified as follows:

1.  On page 7, in the "DISPOSITION" paragraph, "case No. CR-18-00074" is deleted and replaced with "case No. CR-18-000744."

Except for the modification set forth above, the opinion previously filed remains unchanged.  This modification does not effect a change in the judgment.

DE SANTOS, J.

WE CONCUR:


HILL, P. J.


FRANSON, J.

Filed 3/16/22  P. v. Williams CA5 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ROBERT DARRELL WILLIAMS II, Defendant and Appellant. | F080497 (Super. Ct. Nos. CR-19-004962 & CR-18-000744) **OPINION** |

APPEAL from a judgment of the Superior Court of Stanislaus County.  Thomas D. Zeff, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ross K. Naughton, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

In 2018, appellant Robert Darrell Williams II pled no contest to receiving a stolen vehicle (Pen. Code,[1] § 496d, subd. (a)) and admitted to serving a prior prison term (§ 667.5, subd. (b)) (2018 case).  He was sentenced to a split sentence of five years— 18 months of which he was to serve in custody in county jail and 42 months of which he

---

[1]     All further undesignated statutory references are to the Penal Code.

was to serve on mandatory supervision. While on mandatory supervision, appellant committed additional offenses. In 2019, he pled no contest to dissuading a victim (§ 136.1, subd. (a)(2)), possession of heroin and fentanyl (Health & Saf. Code, § 11351), and being a felon in possession of a firearm (§ 29800, subd. (a)(1)) (2019 case). On the 2019 case, appellant was sentenced to an aggregate prison term of four years eight months. A few days later, the court ordered appellant's remaining term of mandatory supervision on his 2018 case to be converted to a straight prison sentence and be served concurrent to his prison term in the 2019 case.

Appellant raises three sentencing issues with regard to the 2018 case. He contends (1) the four-year term initially imposed for the receiving a stolen vehicle conviction exceeded the three-year statutory maximum, and is therefore unauthorized and must be reduced; (2) the matter must be remanded for the court to consider shortening the term imposed for the 2018 case because the court was unaware it had discretion to do so at the time it ordered the remaining time on appellant's mandatory supervision sentence to be served in prison; and (3) the one-year prior prison term enhancement must be stricken pursuant to Senate Bill No. 136 (2019-2020 Reg. Sess.). Respondent concedes error on the first and third contentions; but as to the second, contends appellant forfeited the issue by failing to object below. We agree with respondent on the first and third contentions and remand for resentencing in the 2018 case. We do not reach the merits of appellant's second contention in light of our remand. In all other respects, we affirm the judgment.

### FACTS

On May 14, 2018, appellant was charged by complaint of unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a); count I); receiving a stolen vehicle (§ 496d, subd. (a); count II); possession of burglary tools (§ 466; count III); and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count IV). The complaint alleged as to counts I and II that appellant had suffered two prior felony theft convictions involving vehicles (§ 666.5) and one prison prior (§ 667.5, subd. (b)). On July 24, 2018, appellant pled no contest to count II and admitted the section 667.5, subdivision (b)

2.

prior.[2] The court sentenced appellant, to "the upper term of four years on Count II" plus one year for the prior prison term enhancement, for an aggregate sentence of five years. Appellant was ordered to serve 18 months in custody, and 42 months on mandatory supervision.

On December 9, 2019, appellant was charged by a first amended information with preventing or dissuading a witness or victim from attending or giving testimony (§ 136.1, subd. (a)(2); count I); possessing heroin and fentanyl (Health & Saf. Code, § 11351; count II); transportation of heroin and fentanyl for sale (Health & Saf. Code, § 11352; count III); and being a felon in possession of a firearm (§ 29800, subd. (a)(1); count IV). As to counts II and III, it was further alleged appellant was personally armed with a firearm during the commission of the offenses (§ 12022, subd. (c)).

On December 11, 2019, the matter came on for a change of plea for the 2019 case. Appellant's counsel informed the court appellant and the People had reached a plea agreement, and appellant would be pleading no contest to counts I, II, and IV in exchange for a stipulated sentence of a total term of four years eight months in state prison and the dismissal of a trailing case and the other counts and enhancements. Counsel stated appellant was currently on mandatory supervision in the 2018 case and "wanted to make sure that—the parties all agree, if it comes back up again, at that time, whatever time he might have to serve with that case will be concurrent to this matter." The prosecutor responded in the affirmative to this statement. The court accepted appellant's plea and

---

**2** The record suggests the plea and sentence imposed may have been the result of a negotiated plea agreement between appellant and the People. Before appellant changed his plea, the court addressed appellant stating, "I've been told you will be pleading no contest to Count II, a felony, receiving stolen vehicle. You'll be sentenced to the upper term of four years, plus one year for the [section 667.5, subdivision] (b) prior, for an aggregate sentence of five years, 18 months in custody, 44 months on Mandatory Supervision. [¶] Is that you're understanding?" Appellant responded in the affirmative. After the court accepted appellant's plea, it asked the prosecutor if he would be moving to dismiss the remaining counts. The prosecutor replied that he was so moving, and the court granted the motion.

sentenced appellant to the upper term of three years in state prison on count I, one-third the middle term of one year on count II, and one-third the middle term of eight months on count IV, for an aggregate sentence of four years eight months in state prison. The matter was continued so probation could calculate appellant's custody credits.

On December 16, 2019, the matter came on for a determination of appellant's custody credits for the 2019 case. The prosecutor raised the issue of what would happen with appellant's mandatory supervision sentence in the 2018 case, and the court trailed the matter until the afternoon as the 2018 case was not on calendar. When the matter was called that afternoon, the court indicated appellant's mandatory supervision case was to be "converted to jail or prison time." The court explained, "Because of the primary case being a prison commitment. He can't serve both, two places at the same time. So his 1170(h), I guess, is just converted to a straight prison sentence."

A discussion was held as to how the courtroom clerk should document the order. The court stated: "If you [the courtroom clerk] need something, you can put 1170(h) is terminated, and his 1170(h) sentence of five years is converted to prison time, five years' concurrent with [appellant's] credits." The clerk asked to clarify if appellant was being resentenced and the court responded, "It's not resentencing. It's the place of where he is doing time is the only thing that will change. It's all in, five years' state prison, because of his prison commitment in the other case." The court told the clerk to "Do it whatever way it works. But he's doing—the five-year sentence is now going to be done in state prison with credits … concurrent to his other case."

Appellant filed a timely notice of appeal, for which this court granted appellant's motion to construe the notice of appeal to apply to both the 2018 and 2019 cases.

## DISCUSSION

### I.    Section 496d Sentence

#### A.    *Alleged Error in Initially Imposing Four Years*

The sentencing triad for a violation of section 496d is 16 months, or two or three years. (§ 496d, subd. (a).) Section 666.5 enhances the triad to two, three, or four years

4.

when a prior felony theft conviction involving a vehicle, trailer, construction equipment or vessel known to be stolen has been alleged in the charging document and "either admitted by the defendant in open court, or found to be true by the jury trying the issue of guilt or by the court where guilt is established by plea of guilty or nolo contendere or by trial by the court sitting without a jury." (§ 666.5, subd. (c).)

In the 2018 case, appellant was sentenced to the "upper" term of four years on his section 496d conviction. Appellant contends the imposition of four years exceeded the maximum sentence for section 496d, as a prior conviction enumerated in section 666.5, subdivision (a) was neither admitted by appellant nor found true by a fact finder, and therefore was an unauthorized sentence. Respondent concedes error and contends the matter must be remanded for correction.

We agree with the parties and accept respondent's concession.[3] We will remand for the trial court to resentence appellant on count II in the 2018 case in compliance with all applicable laws.[4, 5]

---

[3] While appellant admitted to suffering a prior prison term, the offense alleged was a violation of section 29800, subdivision (a)(1), which is not a prior felony theft conviction involving a vehicle or other vessel as enumerated in section 666.5. (§ 666.5, subd. (a).)

[4] As stated in footnote 2, *ante*, the record suggests the sentence in the 2018 case may have been imposed as a result of a plea agreement between appellant and the People. If this is the case, which we cannot determine for certain from the record before us, the agreement appears to have been based upon a mutual mistake of law regarding the sentencing triad for a violation of section 496d.

Upon remand, the trial court must be aware that when a plea agreement requires the court to impose an unauthorized sentence, the trial court may not unilaterally modify the plea by reducing the penalty to conform with the term authorized by law without the People's consent. (See *People v. Superior Court* (*Sanchez*) (2014) 223 Cal.App.4th 567, 572–573.) Because the record is unclear on this point, we must remand the matter rather than grant appellant's request for us to reduce the sentence from four years to three years.

[5] We note that at the time appellant will be resentenced, Senate Bill No. 567 (2021-2022 Reg. Sess.) will have become effective, which places certain limitations on when the court can impose the upper term of imprisonment. We express no opinion at this time on the applicability of the legislation to appellant's case, including retroactivity or the effect of any plea agreement. As the case is being remanded and some factual issues,

**B.** *Alleged Abuse of Discretion In "Converting" Appellant's Mandatory Supervision to Straight Prison*

Appellant contends the court erred by simply "converting" the remaining time of appellant's sentence in the 2018 case to a "straight prison sentence." Appellant contends the court had discretion to shorten the remaining time of appellant's sentence in the 2018 case, and because, as appellant asserts, the court did not know of this discretion, the matter must be remanded. Appellant's contention is very narrow; he expressly states in his briefing he "is not complaining about the manner in which the trial court exercised its discretion, or even the failure to state adequate reasons, but rather argues that the trial court was unaware that it had discretion to exercise."

As the matter is already being remanded for resentencing on the section 469d count as the initial four-year sentence was unauthorized, we conclude this issue is moot. On remand, the trial court is not precluded from exercising any discretion it has under the law at the time of resentencing.

## II.    Senate Bill No. 136

In October 2019, the Legislature passed Senate Bill No. 136, amending section 667.5, subdivision (b) to state that a one-year term under that section shall only be imposed "for each prior separate prison term for a sexually violent offense …." (Stats. 2019, ch. 590, § 1.) Thus, Senate Bill No. 136 eliminated the prior prison term enhancement except in cases involving sexually violent offenses. The law went into effect on January 1, 2020. Appellant argues his one-year prior prison term enhancement must be stricken, and respondent agrees.

Effective January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) added section 1171.1, which provides that a section 667.5, subdivision (b) sentence enhancement imposed prior to January 1, 2020, except for one imposed for a prior

---

such as the existence and terms of a plea agreement, are not possible to resolve on this record, these questions are best left for the trial court to consider in the first instance.

sexually violent offense, is "legally invalid." (Stats. 2021, ch. 728, § 3.) Here, as appellant's prior prison term was not imposed for a sexually violent offense, the section 667.5, subdivision (b) enhancement imposed in this case is invalid. Upon remand, the court and parties should be aware of the applicable procedures set forth in section 1171.1, subdivision (d) for resentencing when a defendant is serving a term for a judgment including the enhancement.

## DISPOSITION

The matter is remanded to the trial court in Stanislaus County Superior Court case No. CR-18-00074 for resentencing in compliance with all current and applicable laws and the views expressed in this opinion.


DE SANTOS, J.

WE CONCUR:


HILL, P. J.


FRANSON, J.

7.