Filed 3/20/23  P. v. Morris CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>MARCUS G. MORRIS,<br><br>        Defendant and Appellant. | A164890<br><br>(Solano County<br>Super. Ct. No. FCR348614) |

In exchange for a sentence later determined to be unauthorized, defendant Marcus Morris pled no contest to a felony count of child abuse with an accompanying enhancement for causing great bodily injury and an admission of a prior strike ("the original plea agreement"). The trial court initially approved the agreement, but it granted the prosecution's motion to withdraw from the agreement after the court realized that the deal included an unauthorized sentence. The parties eventually reached a new plea agreement under which Morris again pled no contest to the same charges and was sentenced to 20 years in prison.

On appeal, Morris challenges the trial court's order granting the prosecution's motion to withdraw from the original plea agreement. He contends that the order violated his due process rights under both California law and the Fourteenth Amendment of the United States Constitution and

1

that the trial court should be directed to reinstate the original plea and sentence him in accordance with it. We affirm.

## I.
### FACTUAL AND PROCEDURAL BACKGROUND

In October 2019, Morris inflicted head trauma on his two-month-old son, leaving the child permanently and severely disabled. He was charged with a felony count of assault on a child causing the child to become comatose ("child assault count").[1]

The original plea agreement was reached in October 2021. Under it, Morris pled no contest to a new felony count of child abuse ("child abuse count"). He also admitted to an enhancement for personally inflicting great bodily injury on a child under five years old ("GBI enhancement") and a prior strike.[2] In exchange, the child assault count was dismissed and Morris was promised a 20-year sentence, calculated as the midterm of four years, doubled, for the child abuse count, and a consecutive upper term of six years, doubled, for the GBI enhancement. Morris's trial counsel requested documentation of the strike so she could be personally assured of the prior conviction.

The following month, the trial court determined that the original plea agreement was legally unauthorized because the prior strike, while allowing doubling of the main term, did not allow doubling of the enhancement term. The prosecution proposed a new agreement under which Morris would plead

---

[1] This count was brought under Penal Code section 273ab, subdivision (b). All further statutory references are to the Penal Code.

[2] The child abuse count was brought under section 273a, subdivision (a), the GBI enhancement was alleged under section 12022.7, subdivision (d), and the prior strike was alleged under section 667.5, subdivision (a).

no contest to two counts of child abuse and admit the GBI enhancement and the prior strike in exchange for a sentence of 19 years and eight months.[3] Morris rejected the offer, proposing instead to admit the same charges set forth in the original plea agreement in exchange for a sentence of 14 years.[4] The prosecution rejected the 14-year offer, asserting that the agreed-upon sentence was 20 years.

In response, the trial court suggested an 18-year sentence based on the charges encompassed by the original plea agreement.[5] The prosecution rejected the suggestion. The court then postponed the matter for further discussion, after which the prosecution filed a motion to withdraw from the original plea agreement, which Morris opposed. The court granted the prosecution's motion, withdrew its approval of the original plea agreement, and permitted Morris to withdraw his original plea.

The parties subsequently reached a new plea agreement under which Morris pled no contest to one count of child abuse and admitted a lesser GBI enhancement, the prior strike, and a newly added prior serious felony enhancement. In exchange, the child assault count was dismissed. The trial court approved the new agreement, and Morris was sentenced to 20 years in prison, composed of the upper term of six years, doubled, for the child abuse

---

[3] This proposed sentence was composed of the upper term of six years for one child abuse count, doubled, and consecutive terms of one year and four months for the other child abuse count, doubled, and the midterm of five years for the GBI enhancement.

[4] The 14-year proposed sentence was composed of the midterm of four years for the child abuse count, doubled, and a consecutive upper term of six years for the GBI enhancement.

[5] The 18-year proposed sentence included the upper term of six years for the child abuse count, doubled, and a consecutive upper term of six years for the GBI enhancement.

count, and consecutive terms of five years for the prior serious felony enhancement and three years for the lesser GBI enhancement.[6] Morris appealed after obtaining a certificate of probable cause, allowing him to challenge the withdrawal of the original plea agreement.

## II.
### DISCUSSION

A. *The Trial Court Properly Exercised Its Authority in Withdrawing Approval of the Original Plea Agreement.*

Morris first claims that his rights under California law were violated because the trial court allowed the prosecution to withdraw from the original plea agreement.[7] He argues that the agreement's terms did not require a 20-year sentence, the agreement was binding as soon as he pled no contest, and the agreement could and should be enforced for a lesser sentence. We are not persuaded.

Plea bargains are typically governed by a form of contract law. (*People v. Kim* (2011) 193 Cal.App.4th 1355, 1360 (*Kim*).) Similar to private contracts, plea bargains bind the state and the defendant, and each party is

---

[6] Morris admitted this GBI enhancement under section 12022.7, subdivision (a), the prior serious felony enhancement under section 667, subdivision (a), and the prior strike under section 667, subdivision (e).

[7] As part of his claim, Morris contends that his "California due process rights" were violated. The guarantees of due process under the constitutions of the United States and California are substantially similar. (*Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 212.) While "procedural due process under the California Constitution is 'much more inclusive' and protects a broader range of interests than under the federal Constitution" (*Ryan v. California Interscholastic Federation-San Diego Section* (2001) 94 Cal.App.4th 1048, 1069), Morris fails to explain why this distinction matters, and he has accordingly forfeited any such argument. Because we conclude below that Morris's claim under the federal due process clause fails, we likewise conclude that any claim under the state due process clause fails.

entitled to the benefit of the bargain. (*People v. Daugherty* (1981) 123 Cal.App.3d 314, 321.) Judicial approval is required, however, before any plea bargain goes into effect. (*In re Alvernaz* (1992) 2 Cal.4th 924, 941.) A trial court is not bound by the bargain and is permitted to reject it if the parties can be restored to their original positions. (*Kim*, at p. 1360.) When deciding whether to approve a proposed plea bargain, the court must make an informed decision that relies on various factors, including whether the agreement is in society's best interests. (*People v. Stringham* (1988) 206 Cal.App.3d 184, 194 (*Stringham*).)

Section 1192.5 establishes that after a trial court has indicated its initial approval of a plea agreement, "it may, at the time set for the hearing on the . . . pronouncement of judgment, withdraw its approval in . . . light of further consideration of the matter." (§ 1192.5, subd. (c).) In criminal cases, the pronouncement of judgment occurs " 'when the trial court orally pronounces sentence.' " (*People v. Mendoza* (2009) 171 Cal.App.4th 1142, 1150.) Thus, under section 1192.5, a court has broad discretion to withdraw its original approval of a negotiated plea prior to sentencing. (*People v. Silva* (2016) 247 Cal.App.4th 578, 588.) The court's discretion to do so is recognized as "near-plenary." (*Stringham*, *supra*, 206 Cal.App.3d at p. 195.) When a court concludes that a plea bargain is unacceptable, the remedy is for the court to reject the bargain, not to directly or indirectly violate the bargain by imposing different terms. (*People v. Ames* (1989) 213 Cal.App.3d 1214, 1217 (*Ames*).) We review the decision to withdraw approval of a plea bargain for an abuse of discretion, reversing only if the decision is outside the bounds of reason. (*People v. Mora-Duran* (2020) 45 Cal.App.5th 589, 596.)

Here, the trial court initially accepted the original plea agreement because it and the parties incorrectly assumed that the terms for both the

child abuse count and the GBI enhancement could be doubled based on Morris's prior strike. But as disclosed in the probation report, the prior strike permitted doubling of only the term for the child abuse count, not the term for the GBI enhancement. (See § 667.5, subd. (a).) Thus, the 20-year sentence contemplated under the original plea agreement was not legally authorized.

The trial court did not abuse its discretion in withdrawing its initial approval of the agreement upon realizing that the contemplated sentence was unauthorized. In *People v. Superior Court (Sanchez)* (2014) 223 Cal.App.4th 567 (*Sanchez*), a case relied upon by the court, the prosecutor and the defendant negotiated an illegal sentence requiring a penalty that was unavailable for the crime to which the defendant pled. (*Id.* at p. 571.) The Third District Court of Appeal held that where there has been a mistake of law between the parties, a court should withdraw its approval of the agreement, not enforce the plea for a different term, and the prosecution is entitled to rescind the agreement. (*Id.* at p. 577.) The trial court here acted consistently with *Sanchez* when it withdrew its approval of the original plea agreement and allowed the prosecution to withdraw from it, placing the parties in the same position they were in prior to entering the agreement.

Morris argues that *Sanchez* is distinguishable because the defendant there acknowledged that he agreed to a specific sentence (25 years). (*Sanchez, supra*, 223 Cal.App.4th at p. 570.) Morris claims that his agreement to the 20-year sentence was contingent on documentation verifying the prior strike. He further argues that the terms of the original plea agreement did not require a 20-year sentence, only the lawful maximum sentence of 10 to 18 years. We are not persuaded. Although Morris's trial counsel requested documentation verifying the existence of the prior

conviction, there was no suggestion that the sentence would be less than 20 years if evidence of the conviction was not produced. The agreement was that the sentence would be 20 years *unless* the prior conviction could not be verified, and if it was not verified the parties would go back to negotiating, not default to a lesser sentence. Since the mistake of law was discovered prior to sentencing, the trial court correctly remedied the situation by withdrawing its approval of the original plea agreement and allowing the prosecution to rescind the agreement. (See *Sanchez, supra,* 223 Cal.App.4th at p. 573.) After the prosecution rescinded the plea agreement, the parties were put in their original positions and continued to negotiate.

Morris also argues that the trial court erred by withdrawing its approval of the original plea agreement because the agreement was binding as soon as he pled no contest. He is mistaken. Although the court initially approved the agreement, sentencing had not yet occurred and, as we have discussed, the court was therefore free to withdraw its approval. (See *Kim, supra,* 193 Cal.App.4th at p. 1360.)

Finally, Morris argues that the original plea agreement could and should be enforced for a lesser sentence. Again, we are not convinced. As previously discussed, when the parties have entered a plea bargain for an illegal sentence, the appropriate remedy is to reject the agreement. (See *Sanchez, supra,* 223 Cal.App.4th at p. 573.) A court should not directly or indirectly violate a plea bargain when it disapproves of the agreement. (See *Ames, supra,* 213 Cal.App.3d at p. 1217.) To have enforced the bargain for a sentence less than 20 years would have required the court to alter the agreement's terms.

In short, Morris's first claim fails because the trial court acted well within its power when it withdrew its initial approval of the original plea agreement upon realizing that the sentence was unauthorized.

B.     *Morris's Fourteenth Amendment Due Process Rights Were Not Violated.*

Morris next claims that the prosecutor's rescission of the original plea agreement violated his Fourteenth Amendment due process rights to enforce the terms of the original plea agreement. We disagree.

The Fourteenth Amendment guarantees that no state shall make or enforce any law that deprives any person of life, liberty, or property without due process of the law. (U.S. Const., 14th Amend., § 1.) " 'A protected liberty entitlement can . . . be created by state law . . . [, and w]hen [such] a liberty interest has been created, the due process clause acts to insure that the state-created right is not arbitrarily abrogated.' " (*Ritschel v. City of Fountain Valley* (2006) 137 Cal.App.4th 107, 122.) Here, California law creates no such liberty entitlement in initial plea agreements since section 1192.5 explicitly confers discretion on trial courts to withdraw approval of them prior to sentencing.

Morris cites several cases holding that a defendant has the federal due process right to enforce the terms of a plea agreement in the event of a prosecutorial breach. He primarily relies on *Santobello v. New York* (1971) 404 U.S. 257. But *Santobello* and the other cases he relies upon are inapposite. In *Santobello*, a plea deal was reached with a promise by the prosecutor not to recommend a sentence. (*Id.* at p. 259.) At the sentencing hearing, however, a different prosecutor, in violation of the first prosecutor's promise, recommended a maximum one-year sentence, a sentence that the court then imposed. (*Id.* at pp. 259–260.) By recommending the maximum sentence, the prosecutor placed the defendant in an arguably worse position

8

than the defendant would have been in if the condition not to recommend a sentence had been honored. The Supreme Court vacated the judgment and remanded the case in furtherance of "the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas." (*Id*. at pp. 262–263.)

Here, the trial court did not impose upon Morris a sentence to which he had not agreed. Instead, the court simply allowed the prosecution to withdraw from the original plea agreement, placing Morris in the same position he was in before the agreement was negotiated. (See *People v. Silva, supra*, 247 Cal.App.4th at p. 588.) The court took this action before sentencing—when it retained the authority to rescind its approval—and Morris therefore had no set liberty interest. Likewise, none of the other cases he cites deal with facts like those present here, where the parties bargained for an unauthorized sentence and the plea agreement had not yet been approved at sentencing.

Morris's due process claim fails.

### III.
#### DISPOSITION

The judgment is affirmed.

_____

Humes, P.J.


WE CONCUR:




_____

Margulies, J.




_____

Swope, J.*




    *Judge of the Superior Court of the County of San Mateo, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


*People v. Morris*  A164890